UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JUDY WILLIAMS AND MARY WADE | * | CIVIL ACTION NO.: 18-2472 |
| VERSUS | * | SECTION: JCZ |
| IQS INSURANCE RISK RETENTION GROUP, INC. ET AL. | * | MAGISTRATE: DEK |
| c/w | * | |
| LUCINDA THOMAS | * | CIVIL ACTION NO.: 18-6113 |
| VERSUS | * | SECTION: JCZ |
| IQS INSURANCE RISK RETENTION GROUP, INC., ET AL. | * | MAGISTRATE: DEK |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL AND SET DEPOSITION FEE

Defendants, Southern Refrigerated Transport, Inc. ("SRT"), IQS Insurance Risk Retention Group, Inc. and Eric Darnell Martin, take this opportunity to briefly reply to the opposition filed by Dr. Peter Liechty to their Motion to Compel and Set Deposition Fee.

### I. DEFENDANTS NEVER AGREED TO DR. LIECHTY'S FEES

First and foremost, Dr. Liechty's allegation that Defendants somehow agreed to the exorbitant amount of his deposition fee is completely false and misleading. Here, Dr. Liechty is seeking pre-payment of $7,500.00 for just three hours of deposition testimony. Defendants never agreed, and would never agree, to such an unreasonably high fee.

The only apparent support for this false allegation by Dr. Liechty is an email from the undersigned's paralegal to Dr. Liechty's office simply inquiring whether payment is required in advance of the deposition or should be brought to the deposition. This is a standard question that

the undersigned's paralegal asks of every single expert witness prior to seeking client approval for payment. It certainly does not, and cannot, constitute any agreement whatsoever by Defendants to pay the unreasonable deposition fee sought by Dr. Liechty. In fact, the undersigned's paralegal does not even have authority to enter into any such agreement.

Had Defendants actually agreed to the amount of Dr. Liechty's fee, as he falsely alleges, Defendants would not have issued a subpoena for his attendance and there would be no need for the instant motion at all. Obviously that is not the case. Once the undersigned learned of Dr. Liechty's unreasonable fees a subpoena was issued. Dr. Liechty's allegations completely lack merit.

## II. DEFENDANTS' ONLY NOTICED ONE DEPOSITION OF DR. LIECHTY

Surprisingly, Dr. Liechty further argues that Defendants never indicated that they wanted to take only one deposition. This is also not correct. Defendants only issued one notice of deposition in this matter and only one deposition is needed of Dr. Liechty. However, Dr. Liechty is intentionally imposing an unreasonable and undue burden on Defendants in this case by refusing to give one deposition and improperly inflating his costs. This should not be permitted.

Dr. Leichty is not entitled to dictate how many depositions he will give in this case or limit his testimony to one Plaintiff per hour so that he can unreasonably force Defendants to pay such an exorbitant amount of fees. For example, Dr. Leichty only saw one of the Plaintiffs (Lucinda Thomas) twice and he did not perform her surgery. Defendants certainly should not be required to pay Dr. Leichty $2,500.00 for testimony concerning Lucinda Thomas when there will likely only be a few questions to answer concerning her two visits. Dr. Liechty's should be compelled to attend one deposition and offer testimony concerning all three Plaintiffs.

### III. THE DEPOSITION WAS CANCELLED BY DR. LIECHTY, NOT DEFENDANTS

Surprisingly, Dr. Liechty is now apparently seeking to impose yet another unreasonable and undue financial burden on Defendants in this case by falsely accusing Defendants of cancelling his deposition. This is outrageous.

Defendants certainly did not cancel the deposition—it was unilaterally cancelled by Dr. Liechty. Both the undersigned and Plaintiffs' counsel appeared at Dr. Liechty's office for his deposition as scheduled. Dr. Liechty was also present at his office. Dr. Liechty's office manager inquired about the fee and was advised that Defendants' would request that the Court set his fee. At that point, Dr. Liechty's office manager consulted with Dr. Liechty and advised that the deposition was being cancelled and Dr. Liechty refused to make an appearance.

In fact, an email attached to Dr. Liechty's opposition specifically shows that Dr. Liechty cancelled the deposition.[1] Dr. Liechty is not entitled to be unjustly enriched by a cancellation fee of $1,000.00 when he was the one who cancelled the deposition. There is no contractual or legal support for such a charge.

### IV. DR. LIECHTY'S DEPOSITION FEE IS HIGHLY UNREASONABLE

Finally, without any support whatsoever, Dr. Liechty also argues that his deposition fee ($7,500 for three hours) is not out of the norm for a neurosurgeon in this area. This argument completely lacks merit. Rather than offering any actual documentary evidence to support his argument, Dr. Liechty's opposition simply states that the cases cited by Defendants concerning hourly rates are "outside the jurisdiction of this court." There is no reason why Dr. Liechty's fees, or the fees of any other neurosurgeon in the New Orleans area, would be **$2,000 higher** than the fees which were considered to be reasonable in the numerous cases cited by Defendants

---

[1] *See* email dated October 8, 2018 from Eric Stine, Dr. Liechty's office manager, to Charlotte Meade, stating "we cancelled due to their nonpayment," attached as Exhibit 1 to Dr. Liechty's Opposition.

in their motion. In fact, Dr. Joseph Zavatsky, the surgeon who operated on Lucinda Thomas, charges $2,500 for the first two hours of deposition testimony ($1,250.00 per hour) and $1,500.00 per hour beyond the first two hours.[2] Although Dr. Zavatsky's fees are also high, they are much less than the exorbitant fee of $7,500.00 sought by Dr. Liechty in this case for just three hours.

## Conclusion

Mediation is scheduled in this case for November 9, 2018. If Defendants cannot obtain Dr. Liechty's testimony before that date, mediation will likely be cancelled and the parties will have been prevented from possibly reaching an amicable resolution. At a minimum, Dr. Leichty is seeking pre-payment of $7,500.00 for just three hours of deposition testimony in this case. Defendants have not, and will not agree to such an unreasonable fee. Dr. Liechty's attempt to force Defendants to pay such an exorbitant amount is extremely prejudicial and unduly burdensome.

Federal Rule of Civil Procedure 26(b)(4)(E)(i) does not require prepayment of the experts' reasonable fees before their deposition. In fact, the reasonableness of an expert's requested hourly rate cannot even be determined until the expert's experience and qualifications have been explored in a deposition. As such, Defendants pray that this Honorable Court grant its Motion to Compel and Set Deposition Fee prior to the upcoming mediation in this matter that is set for November 9, 2018, and to also provide a process to address the question of reasonableness following Dr. Leichty's deposition.

---

[2] See Invoice from Spine & Scoliosis Specialists sent to the undersigned pertaining to the deposition of Dr. Joseph Zavatsky, attached hereto as Exhibit A.

Respectfully submitted,

**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, APLC**

_/s/ C. Bowman Fetzer, Jr._
**JAMES A. PRATHER (#20595) (T.A.)**
**C. BOWMAN FETZER, JR. (#34541)**
3 Sanctuary Boulevard, Third Floor
Mandeville, Louisiana 70471
Telephone: 985-674-6680
Facsimile: 985-674-6681
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 11th day of October, 2018, undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

_/s/ C. Bowman Fetzer, Jr._
**C. BOWMAN FETZER, JR.**