UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JUDY WILLIAMS, ET AL | * | CIVIL ACTION NO.: 18-2472 |
| | * | c/w 18-6113 |
| VERSUS | * | Section: A |
| IQS INSURANCE RISK RETENTION GROUP, INC. ET AL | * | Reference All Cases |

* * * * * * * * * * * * * * * * * * * * * * * *

# MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS ZURICH AMERICAN INSURANCE, ONLY, WITHOUT PREJUDICE

**MAY IT PLEASE THE COURT:**

Plaintiffs, Judy Williams, Mary Wade and Lucinda Thomas (hereinafter "Plaintiffs"), respectfully submit this Memorandum in Support of their Motion to Dismiss Zurich American Insurance, only, without prejudice, from this matter, for the following reasons:

**I.     FACTUAL BACKGROUND**

This case arises out of an automobile accident on June 6, 2017. Suit was filed in State court and subsequently removed to Federal Court under diversity jurisdiction. Mediation was held on November 9, 2018 and undersigned counsel was advised for the first time at Mediation that Southern Refrigerated Services, defendant, is self-insured up to one million dollars. Despite propounding discovery to Defendants regarding insurance coverage, this was the first time that Defendants were advised that Zurich American Insurance may have issued an excess policy providing coverage in this matter.

**The scheduling order in this matter states that the amendments to Pleadings, third-party actions, cross-claims, and counter-claim shall be filed no later than October 26, 2018.**

On November 10, 2018, the Plaintiffs filed a Second Supplemental and Amending complaint, adding Zurich American Insurance Company (hereinafter "Zurich") as a party defendant after the court ordered deadline. Counsel for Plaintiffs obviously failed to refer to the scheduling Order prior to filing their Second Supplemental and Amending complaint, and counsel apologizes to this Honorable Court for late-filing the Amendment. Undersigned Counsel submits that had it referred to the scheduling order prior to filing, counsel would not have filed the Second Supplemental and Amending complaint. Zurich answered the complaint on January 11, 2019.

On January 22, 2019, DJ Molnar, the Director of Claims with Covenant Transportation Group[1] called the office of under signed counsel. That same day and the following day, Counsel for Plaintiffs advised defense counsel that Mr. Molnar called and sought permission to speak directly with him.[2] Permission to do so was provided in writing on January 23, 2019.[3] Mr. Molnar advised undersigned counsel that coverage over and above over the self-insured retention of one million dollars is provided through a risk pool administered by Zurich [4] and stated to undersigned counsel that Covenant had the final say on whether the risk pool will contribute to any settlement in excess of the one million self-insured retention. In essence, DJ Molnar indicated that Covenant Transportation had

---

[1] Covenant Transportation Group is the parent company of Southern Refrigerated Transport, Inc.
[2] See Exhibit A.
[3] See Exhibit B.
[4] See Exhibit C.

complete control of whether any settlement is offered to the defendant and the amount of the offers.

Regardless, Zurich is, upon information and belief, a joint and solidary obligor with the named Defendants. Therefore, it was never necessary to add Zurich as a party Defendant in this matter. Nevertheless, Zurich is objecting to a dismissal from this matter, without prejudice.

## II.   DISCUSSION

Plaintiffs take the position that Zurich American Insurance was added after the scheduling Order in this matter allowed amendments to the pleadings and therefore should be dismissed as a defendant in matter, without prejudice, either by Motion or on the Court's own notice. Needless to say, Plaintiffs are concerned that allowing Zurich to be added as a Defendant after the date provided in the Pre-Trial Order for Amending Pleadings will delay the trial of this matter as Zurich may request a continuance in this matter.

Furthermore, if Zurich American Insurance issued a policy of insurance to Covenant Transportation, it is a joint and solidary obligor along with the Defendants in this matter, regardless of whether they are named as a defendant in this matter or not. As such, they would not be prejudiced by a dismissal in this matter without prejudice.

Likewise, Zurich American Insurance was undoubtedly placed on notice of the possibility of a judgment in excess of the self-insured retention in this matter by Southern Refrigerated Services, or its parent company, Covenant Transportation Group, well before it was added as a Defendant in this matter.

Any potential issues regarding notice, however, do not concern the Plaintiffs in this matter, and can be handled between Zurich and Covenant Transportation should they arise. These issues do not affect the named plaintiffs in this matter as Covenant Transportation is a large, publicly-traded company capable of paying any judgment should the need arise,

Moreover, if the representations of DJ Molnar, the Director of Claims of Covenant Transportation Group, are true, Zurich simply administers a risk pool over which Covenant Transportation has control. And therefore, for purposes of settlement and litigation, Covenant Transportation and Zurich are one in the same. This would be patently unfair to the Plaintiffs in this matter as it would allow the defendants, under the guise of new party being added to the litigation, the opportunity to re-do discovery in this matter, such as depositions, which have already been done, thereby unduly and unnecessarily increasing Plaintiffs' litigation costs in this matter, and possibly delaying justice to the Plaintiffs in this matter.

WHEREFORE, for the reasons set forth above, Plaintiffs pray that Zurich American Insurance, **only**, be dismissed, **without prejudice,** from the above entitled and numbered consolidated causes of action, with each party to hear its own costs, specifically reserving the rights of the Plaintiffs against any and all remaining parties, including, but not limited to IQS Insurance Risk Retention Group, Inc., Southern Refrigerated Transport, Inc. and Eric Darnell Martin.

Respectfully submitted,

**NUGENT KEATING**

/s/ D. Patrick Keating

_____

D. Patrick Keating (#27825) T.A.
Simone R. Nugent (#34409)
3300 Canal Street, Suite 100
New Orleans, LA 70119
Telephone: (504) 513-3333
Facsimile: (877) 565-2570
Counsel for Plaintiffs