UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUDY WILLIAMS, MARY WADE & LUCINDA THOMAS<br><br>VERSUS<br><br>IQS INSURANCE RISK RETENTION GROUP, INC., ET AL. | CIVIL ACTION NO. 18-2472<br>c/w 18-6113<br><br>JUDGE ZAINEY<br><br>MAGISTRATE DOUGLAS<br><br>APPLIES TO: ALL CASES |

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF, LUCINDA THOMAS' SECOND SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES**

**NOW INTO COURT**, through undersigned counsel, come Defendants, Southern Refrigerated Transport, Inc. ("SRT"), IQS Insurance Risk Retention Group, Inc. and Eric Darnell Martin, Eric Darnell Martin, who file this Answer in response to the Second Supplemental and Amending Petition for Damages filed by Plaintiff, Lucinda Thomas, respectfully showing unto this Honorable Court as follows:

I.

The allegations contained in *Paragraph 3A* of the Second Supplemental and Amending Petition for Damages do not require a response from Defendants.

II.

The allegations contained in *Paragraph 5a* of the Second Supplemental and Amending Petition for Damages reference a policy of insurance, which is the best evidence of its contents and terms and do not require a response from Defendants.

III.

To the extent that any allegations are contained in the prayer for relief and judgment in

the Petition for Damages, said allegations are denied and plaintiff's prayer for relief is denied.

IV.

Defendants further reaver and reallege all answers, responses and defenses previously filed herein as if copied here *in extenso*.

**AND NOW**, furthering answering herein, Defendants hereby assert the following additional affirmative defense to Plaintiff's Petition for Damages, First Supplemental and Amending Petition for Damages and Second Supplemental and Amending Petition for Damages:

## NINTEENTH DEFENSE

Defendants plead the affirmative defense of fraud, as recent evidence has been discovered showing that the alleged subject accident in this case may have been intentionally caused and/or staged by the Plaintiffs, and that Plaintiffs suffered no injury due to the fault of Defendants. Upon information and belief, Defendants show the following:

The alleged subject accident occurred at 12:30 p.m. on June 6, 2017 at the intersection of Chef Menteur Highway and Downman Road in New Orleans.[1] Plaintiff, Lucinda Thomas, has testified under oath that her cell phone number is 985-860-4199.[2] Plaintiff, Mary Wade, has testified under oath that she has had cell phone number 985-346-1990 for more than ten (10) years.[3]

Following her deposition, Defendants obtained Mary Wade's certified phone records for her cell phone number 985-346-1990. Defendants have also issued subpoenas for Lucinda Thomas' and Judy Williams' cell phone records and are currently waiting to receive a response.

---

[1] *See* Police Report, attached hereto as **Exhibit A.**
[2] *See* Deposition of Lucinda Thomas, pp. 60-61, attached hereto as **Exhibit B.**
[3] *See* Deposition of Mary Wade, pp. 27-28, attached hereto as **Exhibit C.**

Upon review of Mary Wade's certified phone records, Defendants discovered that she called phone number 504-723-6443 several times that day immediately before and after the alleged subject accident between 12:03 p.m. and 3:03 p.m.[4]

Shortly after her speaking with phone number 504-723-6443, Mary Wade also began receiving text messages from phone number 504-473-1052, which Defendants have learned belongs to Plaintiffs' counsel, Patrick Keating.[5]

Defendants have also now obtained the certified records for phone number 504-723-6443, showing that the account for that number belongs to Damian Kevin LaBeaud.[6] Upon review of those records, Defendants discovered that Damian LaBeaud also communicated with Plaintiffs' counsel several times that same day shortly *before and after* the alleged accident, all within minutes of him also speaking with Mary Wade and Lucinda Thomas.[7]

More specifically, the records obtained thus far establish the following timeline of communications on June 6, 2017, the day of the alleged subject accident:

- *10:58 am* – *Damian LaBeaud calls Plaintiffs' counsel*
- *12:03 pm* – *Mary Wade calls Damian LaBeaud*
- *12:30 pm* – **TIME OF ALLEGED ACCIDENT ACCORDING TO NOPD POLICE REPORT**
- *12:44 pm* – *Plaintiffs' counsel text messages Damian LaBeaud*
- *1:27 pm* – *Mary Wade calls Damian LaBeaud*
- *1:35 pm* – *Mary Wade calls Damian LaBeaud*
- *1:36 pm* – *Damian LaBeaud calls Plaintiffs' counsel*

---

[4] *See* Mary Wade's certified phone records produced by Sprint in response to Defendants' Subpoena *Duces Tecu*m, attached hereto as **Exhibit D.**
[5] *Id.*
[6] *See* Damian LaBeaud's certified phone records produced by Sprint in response to Defendants' Subpoena *Duces Tecum*, attached hereto as **Exhibit E.**
[7] *Id.*

- *1:38 pm* – *Lucinda Thomas text messages Damian LaBeaud*

- *1:43 pm* – *Damian LaBeaud calls Plaintiffs' counsel*

- *1:47 pm* – *Mary Wade calls Damian LaBeaud*

- *1:51 pm* – *Damian LaBeaud calls Mary Wade*

- *1:58 pm* – *Plaintiffs' counsel calls Damian LaBeaud*

- *2:04 pm* – *Mary Wade calls Damian LaBeaud*

- *2:05 pm* – *Lucinda Thomas calls Damian LaBeaud*

- *2:06 pm* – *Damian LaBeaud calls Lucinda Thomas*

- *2:43 pm* – *Damian LaBeaud calls Lucinda Thomas*

- *2:51 pm* – *Lucinda Thomas calls Damian LaBeaud*

- *2:56 pm* – *Damian LaBeaud calls Lucinda Thomas*

- *3:03 pm* – *Mary Wade calls Damian LaBeaud*

- *3:06 pm* – *Damian LaBeaud calls Plaintiffs' counsel*

- *3:31 pm* – *Lucinda Thomas calls Damian LaBeaud*

- *3:32 pm* – *Damian LaBeaud calls Plaintiffs' counsel*

- *4:15 pm* – *Plaintiffs' counsel text messages Mary Wade*

- *4:16 pm* – *Plaintiffs' counsel text messages Mary Wade*

- *4:16 pm* – *Mary Wade text messages Plaintiffs' counsel*

- *4:18 pm* – *Plaintiffs' counsel text messages Mary Wade*

- *4:19 pm* – *Mary Wade text messages Plaintiffs' counsel*

- *5:13 pm* – *Plaintiffs' counsel calls Mary Wade*

- *7:08 pm* – *Lucinda Thomas text messages Damian LaBeaud*

- *8:10 pm* – *Damian LaBeaud calls Lucinda Thomas*

Defendants' investigation further revealed that Mr. LaBeaud has filed five (5) personal injury lawsuits as a plaintiff during the past eight (8) years, all of which involve similar sideswipe automobile accidents at or near the location of the alleged subject accident in the instant lawsuit.[8] Defendants have also learned of video evidence depicting Mr. LaBeaud as an eyewitness to a similar truck sideswipe accident occurring at the exact same location as the alleged subject accident in this case. Mr. LeBeaud refused to give the investigating police officer his name.[9]

Additionally, Defendants have learned that Damian LaBeaud's relatives and/or associates have filed other lawsuits as plaintiffs involving accidents with strikingly similar factual scenarios as the subject accident alleged in this case.[10]

Ultimately Defendants will show that Plaintiffs and Damian LaBeaud may have acted in concert and/or conspired to intentionally cause and/or stage the alleged subject accident. In short, Defendants may establish that Plaintiffs are now presenting a fraudulent claim arising out of an alleged accident that they may have intentionally staged and/or caused.

Defendants submit that the Plaintiffs may have intentionally made false representations, statements and/or omissions of material facts; knew of and/or believed in the falsity of those

---

[8] *See* **Exhibit F** – Petition for Damages - *Damian LaBeaud v. American International Group, Inc. et al.,* CDC Docket #10-11083; **Exhibit G** - Petition for Damages – *Damian LaBeaud v. Great West Casualty Company, et al.;* CDC Docket #12-6987 (removed to EDLA, Docket #12-02044); **Exhibit H** - Petition for Damages - *Damian LaBeaud v. Allstate Fire and Casualty Ins. Co*.; CDC Docket #18-5963 **Exhibit I** - Petition for Damages - *Damian LaBeaud v. Hallmark Specialty Insurance Company, et al*.; CDC Docket #16-7003; **Exhibit J** - Petition for Damages - *Damian LaBeaud v. The Hertz Corporation;* CDC Docket #15-11372 (removed to EDLA 16-00322).

[9] *See* NOPD Dash Camera Video, attached hereto as **Exhibit K.** *See also* Facebook photographs of Damian LaBeaud, attached hereto as **Exhibit L.**

[10] **Exhibit M** - Petition for Damages - *Damian LaBeaud v. Marten Transport, LTD, et al.*; CDC Docket #16-3758(NOTE: Damian LaBeaud in that case is Damian LaBeaud's Daughter) **Exhibit N** – Petition for Damages – *Michael Dumas and Kim Dumas v. AIG Insurance Company, et al*; CDC Docket #17-8113 (Michael Dumas and Kim Dumas are Damian LaBeaud's uncle and aunt); **Exhibit O** – Petition for Damages – *Sabrina Randolph v. Great West Casualty Co*; CDC Docket #17-4303 (Sabrina Randolph is known to be Damian LaBeaud's girlfriend); **Exhibit P** – Petition for Damages - *Sabrina Randolph v. Energi In. Services et al.*; CDC Docket #16-4982; **Exhibit Q** - Petition for Damages - *Angel Mathieu v. Scottsdale Insurance Company et al*; CDC Docket #08-3000 (Angel Mathieu is known to be Damian LaBeaud's girlfriend).

representations, statements and/or omissions of material facts; intended to deceive Defendants with knowledge that their false representations, statements and/or omissions of material facts would be acted upon by the parties and/or the Honorable Court in this case.

Defendants justifiably relied upon Plaintiffs' intentional false representations, statements and/or omissions causing Defendants to sustain significant injury. For example, Defendants paid $20,000.00 to Dashontae Young, one of the passengers in the Plaintiffs' vehicle, to settle her personal injury claims arising out of the alleged subject accident. Defendants have also already incurred over $100,000.00 in litigation fees and expenses.

Due to Plaintiffs' intentional false representations, statements and/or actions, Defendants have and will continue to expend significant time, resources and expenses, including attorney's fees, in defending this fraudulent lawsuit.

V.

Defendants reserve the right to amend this answer as the facts and circumstances become more fully known though discovery or otherwise.

**WHEREFORE**, Defendants pray that this Answer and Affirmative Defenses be deemed good and sufficient, and that after due proceedings be had, that Plaintiff's suit be dismissed at Plaintiff's costs with prejudice, and that Judgment be rendered in favor of Defendants and against Plaintiff, as set forth above, and that all costs of these proceedings be assessed to said Plaintiff.

Respectfully submitted,

**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, APLC**

*/s/ C. Bowman Fetzer, Jr.*
**JAMES A. PRATHER (#20595) (T.A.)**
**C. BOWMAN FETZER, JR. (#34541)**
3 Sanctuary Boulevard, Third Floor
Mandeville, Louisiana 70471
Telephone: 985-674-6680
Facsimile: 985-674-6681
*Counsel for Defendants*, *Southern Refrigerated Transport, Inc, IQS Insurance Risk Retention Group, Inc. and Eric Darnell Martin*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the _____ day of February, 2019, undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

*/s/ C. Bowman Fetzer, Jr.*
**C. BOWMAN FETZER, JR.**