FILED
AUG 22 2017
CLERK'S OFFICE
CIVIL DISTRICT COURT
SECTION 14

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

CASE NO. 17-8113   DIVISION " "   DOCKET NO. " "
                   I-14

MICHAEL DUMAS, HUSBAND OF/AND KIM DUMAS,

VERSUS

AIG INSURANCE COMPANY; TRANSPORTATION CONSULTANTS, INC.;
STATE FARM MUTUAL AUTOMOBILE COMPANY;
AND ARMOND MORRIS

FILED: _____

_____
DEPUTY CLERK

**PETITION FOR DAMAGES**

The petition of Michael Dumas, husband of/and Kim Dumas, adult residents and domiciliaries of the Parish of Orleans, respectfully represents:

1.

AIG Insurance Company, defendant, is a foreign insurance corporation doing business in the State of Louisiana.

2.

State Farm Mutual Automobile Insurance Company, defendant, is also a foreign insurance corporation doing business in the State of Louisiana.

3.

Transportation Consultants, Inc., defendant, is a domestic insurance corporation whose principal place of business is located in the Parish of Orleans.

4.

Armond Morris, defendant, is an adult resident and domiciliary of the Parish of Orleans.

DALE N. ATKINS
CLERK OF THE CIVIL DISTRICT COURT
421 LOYOLA AVENUE - ROOM 402
NEW ORLEANS, LA 70112
504-407-0000

Receipt Date   9/5/2017 8:54:00 AM
Receipt Number   649585
   ehankston
Register   CDCCASH1
Case Number   2017-08113

Charges          $567.00
Amount Received  $567.00
Balance Due      $0.00
Change Due       $0.00

Payment/ Transaction List
Check # 2244 $567.00

| Item | Charged | Paid | Bal |
|---|---|---|---|
| Petition for Damages | $454.40 | $454.40 | $0.00 |
| Fax Fees | $32.50 | $32.50 | $0.00 |
|  | $0.50 | $0.50 | $0.00 |
| Building Fund Fee | $25.00 | $25.00 | $0.00 |
| Indigent Legal Fee | $10.00 | $10.00 | $0.00 |
| JSC | $24.60 | $24.60 | $0.00 |
|  |  |  | $0.00 |
| Request for Product | $10.00 | $10.00 | $0.00 |
| Supreme Court- Processing Fee | $10.00 | $10.00 | $0.00 |

EXHIBIT N

5.

On or about August 25, 2016, at approximately 10:13 a.m., Michael Dumas was operating his 2007 Toyota FJ Cruiser automobile in a northerly direction along Louisa Street in the Parish of Orleans, whereupon his vehicle was struck suddenly, violently and without warning by a 1996 Freightliner Tractor owned by Transportation Consultants, Inc. and operated by Armond Morris with the express permission and consent of Transportation Consultants, Inc.

6.

At all times material hereto, AIG Insurance Company maintained in full force and effect a policy of insurance insuring Armond Morris for the liability and damages asserted herein.

7.

At all times material hereto, State Farm Mutual Automobile Insurance Company maintained in full force and effect a policy of insurance insuring Michael Dumas for the liability and damages asserted herein.

8.

At all times material hereto, defendant, Armond Morris, was in the course and scope of his employment with Transportation Consultants, Inc.; and Transportation Consultants, Inc. is vicariously liable for the negligent acts of its employee, Armond Morris, under the theory of *Respondeat Superior.*

9.

At all times material hereto, AIG Insurance Company maintained in full force and effect a policy of insurance insuring Armond Morris and Transportation Consultants, Inc. for the liability and damages asserted herein.

10.

The collision was caused solely and proximately by the negligence and want of care of Armond Morris in the following non-exclusive particulars:

a. failing to see what a reasonable driver would have seen;

b. operating a motor vehicle in a careless, inattentive and reckless manner;

c. failing to keep a proper lookout;

d. failing to avoid a collision;

e. failing to obey a traffic signal;

f. moving forward from a stop sign before it was safe to do so;

g. entering a favored roadway without ensuring it was safe to so;

h. failing to maintain his vehicle within its proper lane of travel;

i. entering another lane of travel without ensuring it was safe to do so;

j. failing to yield; and

k. all other elements of negligence, acts and omissions to be proved at trial.

11.

Alternatively, the collision was caused solely and proximately by the negligence and want of care of Michael Dumas in the following non-exclusive particulars:

a. failing to see what a reasonable driver would have seen;

b. operating a motor vehicle in a careless, inattentive and reckless manner;

c. failing to keep a proper lookout;

d. failing to avoid a collision;

e. failing to yield; and

k. all other elements of negligence, acts and omissions to be proved at trial.

12.

As a direct result of Armond Morris' negligence and want of care, Michael Dumas suffered bodily injuries, pain and suffering, mental anguish, loss of enjoyment of life, medical expenses, loss of earning and permanent disability, all of which warrant an award in his favor for compensatory damages in an amount sufficient to permit trial by jury.

13.

As a direct result of Armond Morris' negligence and want of care, Kim Dumas suffered a loss of his husband's society, consortium and services which warrant an award for her favor for compensatory damages.

14.

As a result of negligence and want of care of Armond Morris and/or Michael Dumas, Kim Dumas, who was a passenger in Michael Dumas' automobile, suffered bodily injuries, pain and suffering, mental anguish, loss of enjoyment of life, medical expenses, loss of earning and permanent disability, all of which warrant an award in his favor for compensatory damages in an amount sufficient to permit trial by jury.

15.

As a direct result of Armond Morris' negligence and want of care, Michael Dumas suffered a loss of his wife's society, consortium and services which warrant an award for his favor for compensatory damages.

16.

At all times material hereto, State Farm Mutual Automobile Insurance Company maintained a policy of insurance insuring Michael Dumas and his vehicle whereunder it obligated itself to compensate operators and occupants of Michael Dumas' vehicle for damages suffered as the result of the negligence of uninsured or underinsured motorists.

17.

At all times material hereto, Armond Morris was an uninsured or underinsured motorist.

WHEREFORE, Michael Dumas, husband of/and Kim Dumas, pray that AIG Insurance Company, State Farm Mutual Automobile Insurance Company and Armond Morris, defendants, be served with this petition, and that after due proceedings there be judgment casting defendants jointly and solidarily liable unto each petitioner for compensatory damages, legal interest, all costs and for all general and equitable relief.

Respectfully submitted,

*[signature]*

D. PATRICK KEATING – BAR NO. 27825
SIMONE R. NUGENT – BAR NO. 34409
THE KEATING LAW GROUP, LLC
3528 Holiday Drive
New Orleans, Louisiana 70114
Telephone: (504) 513-3333
Facsimile: (877) 565-2570
Counsel for Petitioner

**PLEASE SERVE:**

AIG INSURANCE COMPANY
Through its agent for service of process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**AND**

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
Through its agent for service of process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**AND**

TRANSPORTATION CONSULTANTS, INC.
Through its agent for service of process:
Christopher J. Kane
701 Poydras Street
Suite 4500
New Orleans, LA 70139

**AND**

ARMOND MORRIS
511 St. Phillip Street
New Orleans, LA 70130