UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JUDY WILLIAMS AND MARY WADE | * | CIVIL ACTION NO.: 18-2472 |
| VERSUS | * | SECTION: A/3 |
| IQS INSURANCE RISK RETENTION GROUP, INC. ET AL | * * | MAGISTRATE: DEK |
| LUCINDA THOMAS | * | CIVIL ACTION NO.: 18-06113 |
| VERSUS | * | |
| IQS INSURANCE RISK RETENTION GROUP, INC., ET AL | * * | Reference all cases |

*** 

## PLAINTIFF, LUCINDA THOMAS' RESPONSES TO SOUTHERN REFRIGERATED TRANSPORT, INC.'S FIRST SET OF INTERROGATORIES

TO:   **Southern Refrigerated Transport, Inc.**
Through their attorney of record
C. Bowman Fetzer, Eq.
Galloway, Johnson, Tompkins
3 Sanctuary Blvd., 3rd Floor
Mandeville, Louisiana 70471

**NOW INTO COURT,** through undersigned counsel, comes the Plaintiff, Lucinda

Thomas, who responds to the Interrogatories propounded by Southern Refrigerated

Transport, Inc., as follows:

## INTERROGATORY NO. 1:

Please state your full proper name, as well as all other nicknames by which you have

been known, your employer, your occupation, your specific date and place of birth, your social

security number, your current address, your former addresses for the last five years, your

telephone number, any present or former union affiliations, your height and weight, and your



driver's license number and state of issuance

**RESPONSE NO. 1:**

Objection.  This interrogatory request is overly broad, burdensome and not limited to scope and is meant to harass the Plaintiff.  Without waiving said objection, the Plaintiff responds as follows:

Lucinda Lagarde Thomas
a/k/a Lucinda Ellis Lagarde
107 Westwood Drive
Houma, LA  70363
T: (985) 860-4199
SSN:  XXX-XX-1169

**INTERROGATORY NO. 2:**

Please state precisely all facts and circumstances leading up to the alleged incidents or injuries that are the basis of this lawsuit, including (a) the date, time, and place your injuries were allegedly sustained and/or aggravated and (b) any and all supervisors, co-workers, and/or other individuals under whom or with whom you were working at the time of the alleged incidents and/or injuries.

**RESPONSE NO. 2:**

Objection.  The wording of this Interrogatory is confusing in nature and requires further clarification; however, in an attempt to respond to same and without waiving said objection, the Plaintiff responds as follows, please see police report.

**INTERROGATORY NO. 3:**

Please state the name, address, and telephone number of any person to whom you reported your alleged accident and/or incident that is the basis of this lawsuit, whether such report was oral or written. In your Answer, indicate the date, time, location, and content of such

reports, including a specific identification of any written transmittals of reports of accident and/or injury and/or illness.

**RESPONSE NO. 3:**

The Plaintiff responds that she reported the accident to the New Orleans Police Department and Officer Debra Spriggins.

**INTERROGATORY NO. 4:**

Please identify all persons known by you to have been eyewitnesses to the alleged accident and/or incident for which you have brought this lawsuit by providing the name, last-known address, last-known telephone number, and last-known employer, including the employer's addresses and telephone numbers, of each person identified. If there were no such eyewitnesses and you know of none, please so state.

**RESPONSE NO.4:**

The Plaintiff is not aware of any known eyewitness other than the parties to the accident made the basis of this lawsuit.

**INTERROGATORY NO. 5:**

Please identify all persons known by you to have knowledge of any of the facts by providing the name, last-known address, last-known telephone number, and last-known employer, including the employer's addresses and telephone numbers, of each person identified.

**RESPONSE NO. 5:**

To the best of her knowledge and belief, she responds that all parties to the instant case have knowledge of the incident, including:

1. Officer Debra Spriggins
   New Orleans Police Department
   715 S. Broad Avenue
   New Orleans, LA  70119

2. Beau Porche, MD
   Houma-Thibodeaux Spine & Rehabilitation
   430 Corporate Dr.
   Houma, LA  70360
   (985) 873-8586

3. Metairie Imaging
   3400 Division Street
   Metairie, LA  70002
   (504) 454-3600

4. Magnolia Diagnostics
   2700 Cadiz Street
   New Orleans, LA  70115
   (504) 891-1975

5. Suneil Jolly, MD
   Louisiana Pain Specialist
   231 West Esplanade Avenue, Ste B
   Kenner, LA  70065
   (504) 754-2334

6. Peter Liechty, MD
   One Spine Institute
   3530 Houma Blvd, Ste 202
   Metairie, LA
   (504) 437-1111

7. University Medical Center of New Orleans
   2000 Canal Street
   New Orleans, LA  70112

8. Gabriel Tender, MD
   3700 St. Charles Avenue, 3rd Floor
   New Orleans, LA
   (504) 412-1325

9. Joseph M. Zavatsky, M.D.
   Spine & Scoliosis
   3535 Severn Avenue, Suite 8
   Metairie, LA 70002
   (855) 752-2225

10. Fairway Medical Surgical Center
    37252 Industry Lane
    Covington, LA 70433
    (985) 809-9888

The Plaintiff wishes to reserve her right to supplement her response to this Interrogatory should more information become known or available.

## INTERROGATORY NO. 6:

Please state whether you are now or ever applied for or have ever been the recipient of Medicare benefits and whether or not you have or will utilize Medicare Parts A, B, C and/or D. If your answer is in the affirmative, also provide your Medicare number.

## RESPONSE NO. 6:

The Plaintiff is a Medicare recipient Part A, hospital only. The Plaintiff has not utilized Medicare Part A regarding the accident made the basis of this law suit.

## INTERROGATORY NO. 7:

With respect to any person (including lay, fact, and expert witnesses whom you may call at trial, and any individuals and experts whom you may not call at trial) from whom a written, recorded, or otherwise memorialized statement or report was obtained, or who was contacted but did not give a written or oral statement or report, please set forth:

a)    The person's name, last-known address, last-known telephone number, last known employer, including the employer's address and telephone number;

b)    Whether a statement was obtained and, if so, the nature of the statement;

c)    If a statement was not obtained, why not;

d)      The date, place, and time the statement was obtained;

e)      The name, address, and telephone number of the person who obtained said statement; and

f)      The name and address of the person who possesses any statement or report obtained from that individual.

**RESPONSE NO. 7:**

The Plaintiff has not made a determination as to witnesses, including lay, fact or expert, she may or will call at the trial of this matter.  The Plaintiff will supplement her response to this discovery request when such information becomes available and in compliance with this Court's scheduling order.

**INTERROGATORY NO. 8:**

Please list the names, present home and business addresses, and telephone numbers of any and all prospective witnesses to be called at the trial of this matter of whom you or anyone acting on your behalf have learned and provide a summary of each person's expected testimony.

**RESPONSE NO. 8:**

Please see Plaintiff's response to Interrogatory No. 7.

**INTERROGATORY NO. 9:**

For any and all persons you intend to call as an expert witness in this matter, please state:

a)      The witness' name, and present home and business addresses, and telephone numbers;

b)      The name and address of the witness' employer and any organization with

which he is associated in any professional capacity;

c)    The field in which the witness is expected to testify;

d)    A summary of the witness' qualifications within the field in which he is expected to testify;

e)    The substance of the facts to which the expell is expected to testify;

f)    The substance of the opinions to which the witness is expected to testify and a summary of the grounds for each opinion;

g)    The data or information the expert relied upon in forming each opinion;

h)    Any and all exhibits to be used as a summary of or support for each opinion;

i)    All other cases in which the witness has testified as an expell at trial or in deposition within the last four years; and

j)    The dates of all reports rendered by such expert.

**RESPONSE NO. 9:**

Objection, the Plaintiff has not retained any experts at this time, other than the physicians who have rendered medical treatment for her thus far during her claim. However, she reserves her right to supplement her response to this Interrogatory in accordance with the Court's scheduling Order.

**INTERROGATORY NO. 10:**

Please provide the name, business address, and business telephone number of all employers you have had for a period of ten years prior to the accident and/or incident that is the subject of this lawsuit, and identify by name, last-known address and last-known telephone number any supervisors you may have had during each employment. Please also provide the name, business address, and business telephone number of any persons or businesses with whom

you have sought employment, but have been rejected for any reason, at any time in your life, and indicate why you were rejected for employment.

**RESPONSE NO. 10:**

Objection. The Plaintiff is not employed.

**INTERROGATORY NO. 11:**

Please state the names, last-known addresses, and last-known telephone numbers of all persons from whom employment has been sought or obtained subsequent to the date of the alleged accident and/or incident that is the subject of this lawsuit. If no employment has been sought or obtained, please state in full the reasons for the failure to seek or obtain employment.

**RESPONSE NO. 11:**

Objection. The Plaintiff did not work prior to or subsequent to the accident made the basis of this law suit.

**INTERROGATORY NO. 12:**

Please state whether or not you have undergone any pre-employment and/or return to employment medical or mental health evaluations and/or examinations in connection with any employment applied for in your lifetime. If so, please state the name of each employer or potential employer with whom you underwent a medical and/or mental health evaluation and/or examination, the address of each employer or potential employer, the name of each physician, psychologist, medical or mental health professional performing each medical or mental health evaluation and/or examination, and the date of each such evaluation and/or examination.

**RESPONSE NO. 12:**

Objection. This interrogatory request is overly broad, burdensome and not limited to scope. Without waiving said objection, the Plaintiff was not employed prior to or subsequent to the accident made the basis of this lawsuit.

**INTERROGATORY NO. 13:**

Please state whether or not you have any pre-existing medical condition, disease, illness, mental health condition, disability or injury which you feel was aggravated by the accident described in your petition, and for any such prior condition please state with specificity the nature of the condition and the extent of aggravation.

**RESPONSE NO. 13:**

To the best of Plaintiff's knowledge and belief, she did not have a pre-existing condition aggravated by the accident.

**INTERROGATORY NO. 14:**

If you have ever been involved in any other accidents and/or incidents, either work-related or otherwise, **before or after** the accident and/or incident for which you have filed suit, please state when and how the accident and/or incident occurred, by whom you were employed at the time, where the accident or incident occurred, whether you were injured in any way as a result, whether you presented to a hospital, physician, psychologist, counselor, social worker or other health care or mental health care provider and, if so, the name and address of each such hospital, physician, psychologist, counselor, social worker or other health care or mental health care provider and indicate any treatment rendered.

**RESPONSE NO. 14:**

Objection. This Interrogatory request is overly broad, burdensome and not limited to scope. The term "before" the accident is overly broad as it could mean as far back as Plaintiff's birth in which she would have no memory of. However, in an effort to respond to the Interrogatory, the Plaintiff responds that she had an automobile accident more than ten (10) years ago, but she does not remember the details.

The Plaintiff reserves her right to supplement her response to this Interrogatory should more information become known or available.

**INTERROGATORY NO. 15:**

Please state whether you have incurred any injuries or suffered from any medical and/or mental health conditions of any nature, either work-related or otherwise, **before or after** the alleged accident and/or incident that forms the basis of this lawsuit, and, if so, please describe all such injuries or medical and/or mental health conditions, when and how they were sustained, whether you sought medical and/or mental health examinations, evaluations or treatment, the names, business addresses and telephone numbers of the physicians, chiropractors, psychologists, counselors, social workers or other health care or mental health care providers who examined, valuated or treated you, where you received the examination, evaluation or treatment, whether it resulted in any permanent disability and the nature of any such disability.

**RESPONSE NO. 15:**

Objection. This Interrogatory request is overly broad, burdensome and not limited to scope. The term "before" the accident is overly broad as it could mean as far back as Plaintiff's birth in which she could not possibly remember. However, in an effort to respond to this Interrogatory, the Plaintiff responds that she has been treated for carpal tunnel by Dr. Patrick Ellender.

Further, sometime in 2014, the Plaintiff had a knee replacement which was performed by Dr. Patrick Ellender.

**INTERROGATORY NO. 16:**

For all medical and mental health evaluations, examinations and treatment you have

received during the past ten years prior to the incident that is the subject of this lawsuit, please

state  the dates, locations, names and addresses of the physicians, chiropractors, psychologists,

counselors, social workers or other health care or mental health care providers, and the names

and addresses of any other individuals performing said evaluations, examinations or rendering

treatment,  and provide a description of the treatment received.

**RESPONSE NO. 16:**

    To the best of Plaintiff's knowledge and recollection, she has seen the following for

treatment during the past ten (10) years:

    Patrick Ellender, MD
    OrthoLA
    180 Corporate Drive
    Houma, LA  70360
    T:  (985) 625-2200

Dr. Ellender treated the Plaintiff for carpal tunnel and performed knee replacement in
2014.

    Daigle Himel PT
    1321 Grand Caillou Road
    Houma, LA  70363
    T: (985) 876-1155

The Plaintiff had physical therapy after her knee surgery.

    Sanders Dental Group
    761 W. Tunnel Blvd.
    Houma, LA  70360
    T:  (985) 876-5430

    Otis Bourg, Jr.. Ophthalmologist
    832 Belanger Street
    Houma, LA  70360
    T: (985) 872-1494

    David Pellegrin, MD, Gastroenterology
    8120 W. Main St.
    Houma, LA  70360

Erin Tennison, MD
8120 W. Main St.
Houma, LA 70363

The Plaintiff reserves her right to supplement her response to this Interrogatory should more information become known or available.

## INTERROGATORY NO. 17:

Please state whether it is claimed that there will be any need for further medical or surgical care or other medical expenses anticipated, the name and address of the physician or physicians who have predicted the necessity of the future care, and specify the nature, extent, and cost of any such treatment.

## RESPONSE NO. 17:

The Plaintiff is still under the care and treatment of Dr. Zavatsky.

## INTERROGATORY NO. 18:

Please state whether you have ever been arrested and/or convicted of any crime(s). If so, please list each arrest and/or conviction, including, but not limited to, the date, location, jurisdiction, and amount of any fine and/or length of any imprisonment received in connection with each arrest and/or conviction.

## RESPONSE NO. 18:

Plaintiff objects to this as being vague, overly broad, and unduly burdensome.  Plaintiff further objects to the extent that this Interrogatory is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, plaintiff has never been convicted of or plead guilty to a crime.

## INTERROGATORY N0.19:

Please state whether you have ever received worker's compensation benefits, disability

benefits, Social Security, or employee-related benefits. If you have received such benefits, please state the reasons such benefits were paid, who paid such benefits, and the duration such benefits were paid.

**RESPONSE NO. 19:**

The Plaintiff has never received any benefit listed in Interrogatory hereinabove.

**INTERROGATORY NO. 20:**

Please state whether you have filed any lawsuits **before or after** this litigation. If you have filed such a lawsuit, please provide the name of the suit, the case number, the jurisdiction where the lawsuit was filed, the outcome of the litigation, and the amount of any recovery.

**RESPONSE NO. 20:**

The Plaintiff does not recall filing any lawsuit before of after this litigation; however, she wishes reserve her right to supplement this Interrogatory should more information become known or available.

**INTERROGATORY NO. 21:**

Please provide a list of all sources of monies, support and payments for medical and mental health care evaluations, examinations or treatment that you have received from any source since the alleged accident and/or incident that is the subject of this litigation for your support.

**RESPONSE NO. 21:**

The Plaintiff does not recall receiving any payments.

## INTERROGATORY NO. 22:

Please state the name, present address and specialization of all physicians, surgeons, chiropractors, psychologists, counselors, social workers or other health care or mental health care providers or others engaged in the fields of medicine or mental health or related fields who have evaluated, examined or treated you for the injuries sued upon, and the name and address of all hospitals, medical or mental health institutions at which you have received examinations and/or treatment for the injuries or medical and/or mental  health conditions that are the subject matter of  this litigation, giving the dates of all such evaluations, treatment and/or examinations.

## RESPONSE NO. 22:

To the best of Plaintiff's knowledge and belief, she saw the following medical providers related to the injuries she sustained regarding the accident made the  basis of this litigation:

1. Officer Debra Spriggins
   New Orleans Police Department
   715 S. Broad Avenue
   New Orleans, LA  70119

2. Beau Porche, MD
   Houma-Thibodeaux Spine & Rehabilitation
   430 Corporate Dr.
   Houma, LA  70360
   (985) 873-8586

3. Metairie Imaging
   3400 Division Street
   Metairie, LA  70002
   (504) 454-3600

4. Magnolia Diagnostics
   2700 Cadiz Street
   New Orleans, LA  70115
   (504) 891-1975

5.  Suneil Jolly, MD
    Louisiana Pain Specialist
    231 West Esplanade Avenue, Ste B
    Kenner, LA  70065
    (504) 754-2334

6.  Peter Liechty, MD
    One Spine Institute
    3530 Houma Blvd, Ste 202
    Metairie, LA
    (504) 437-1111

7.  University Medical Center of New Orleans
    2000 Canal Street
    New Orleans, LA  70112

8.  Gabriel Tender, MD
    3700 St. Charles Avenue, 3rd Floor
    New Orleans, LA
    (504) 412-1325

9.  Joseph M. Zavatsky, M.D.
    Spine & Scoliosis
    3535 Severn Avenue, Suite 8
    Metairie, LA  70002
    (855) 752-2225

10. Fairway Medical Surgical Center
    37252 Industry Lane
    Covington, LA  70433
    (985) 809-9888

The Plaintiff wishes to reserve her right to supplement her response to this Interrogatory should more information become known or available.

**INTERROGATORY NO. 23:**

Please state each and every basis and identify every item of evidence, whether within your possession or not, for your contention that the accident, incident, medical conditions, and/or injuries that are the subject of this lawsuit were the result of the negligence and/or fault of the Defendants as alleged in your Petition for Damages.

Specifically, please set forth in detail:

a)      What acts or omissions you allege constitute negligence and/or fault;

b)      All facts you intend to introduce to prove said negligence and/or fault;

c)      The names, home and business addresses, and home and business telephone numbers of all persons whom you contend have knowledge of any facts which may tend to prove said allegations; and

d)      The documentary evidence you intend to introduce to prove said allegations.

**RESPONSE NO. 23:**

The Plaintiff has attached the police report which is the best evidence of the requested information.

**INTERROGATORY NO. 24:**

If you are claiming as an element of damages past, present and/or future loss of wages and earnings or impairment of earning capacity, please state the amount of earnings, income or wages you are alleging to have been lost as a result of the incident, and basis on which you compute the amounts for each.

**RESPONSE NO. 24:**

Objection, the Plaintiff is not making a lost wage claim.

**INTERROGATORY NO. 25:**

For each of the websites and/or services listed below, identify your username(s), the e-mail address(es) associated with the account, and the approximate date you joined the website or service. If you have not joined a listed website or service, expressly state that you have never joined that website or service:

a.      Facebook
b.      Instagram
c.      Twitter
d.      MySpace
e.      LinkedIn

f.   Google
g.   Pinterest
h.   YouTube

**RESPONSE NO. 24:**

Plaintiff objects to this discovery request to the extent the request is overbroad and is not reasonably calculated to lead to the discovery of admissible evidence under La. Code Civ. Proc.art.1422. Second, the discovery request violates plaintiff's right to be protected from "annoyance, embarrassment, oppression, or undue burden or expense" under La. Code Civ. Proc.1426. Third, the request violates Plaintiff's constitutionally protected privacy interests. See U.S. Const. Amend. IV; La. Const. Art. I, § 5; *Orfanello v. Laurente*, 626 So.2d 417,418-19 (La. App. 4Cir. 1993) ("Both the United States Constitution and the Louisiana Constitution guarantee every citizen the right of privacy. The Louisiana Constitution does not duplicate the Fourth Amendment--it extends protection to all 'invasions of privacy', a general concept broader than the unreasonable search and seizures proscribed by the Federal Bill of Rights..."). Fourth, the request violates the Stored Communications Act of1986 ("SCA") and the Electronic Communications Privacy Act ("ECPA"),18 U.S.C.§ 2701et seq. *See Crispin v Christian Audigier*, Inc.,717 F.Supp.2d 965 (C.D.Cal. 2010)(quashing plaintiff's subpoenas to Facebook and MySpace for "webmail and private messaging ... to the extent they seek private messaging "because "webmail and private messaging ... are inherently private such that stored messages are not readily accessible to the general public" and because the requests violated the Stored Communications Act of1986 ("SCA") and the Electronic Communications Privacy Act ("ECPA"),18U.S.C. § 2701 et seq.).

Respectfully submitted:

NUGENT KEATING

D. Patrick Keating, T.A. (#27825)
Simone R. Nugent (#34409)
3300 Canal Street, Suite 100
New Orleans, LA 70119
T: (504) 513-3333
F: (877) 565-2570

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel

of record by e-mail, facsimile, and/or by United States mail, properly addressed and postage prepaid, on

this 24th day of August, 2018.

D. PATRICK KEATING

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JUDY WILLIAMS AND MARY WADE | * | CIVIL ACTION NO.: 18-2472 |
| VERSUS | * | SECTION: A/3 |
| IQS INSURANCE RISK RETENTION | * | MAGISTRATE: DEK |
| GROUP, INC. ET AL | * | |
| c/w | | |
| LUCINDA THOMAS | * | CIVIL ACTION NO.: 18-06113 |
| VERSUS | * | |
| IQS INSURANCE RISK RETENTION | * | REFERANCE ALL CASES |
| GROUP, INC., ET AL | * | |
| | *** | |

<u>**PLAINTIFF, MARY WADE'S RESPONSE TO SOUTHERN REFRIGERATED<br>TRANSPORT, INC.'S FIRST SET OF INTERROGATORIES**</u>

TO:   **Southern Refrigerated Transport, Inc.**
       Through their attorney of record
       C. Bowman Fetzer, Eq.
       Galloway, Johnson, Tompkins
       3 Sanctuary Blvd., 3rd Floor
       Mandeville, Louisiana 70471

    **NOW INTO COURT**, through undersigned counsel, comes the Plaintiff, Mary Wade, who responds to the Interrogatories propounded by Southern Refrigerated Transport, Inc., as follows:

<u>**INTERROGATORY NO. 1:**</u>

    Please state your full proper name, as well as all other nicknames by which you have been known, your employer, your occupation, your specific date and place of birth, your social security number, your current address, your former addresses for the last five years, your telephone number, any present or former union affiliations, your height and weight, and your driver's license number

and state of issuance

**RESPONSE NO. 1:**

Objection. This interrogatory request is overly broad, burdensome and not limited to scope and is meant to harass the Plaintiff. Without waiving said objection, the Plaintiff responds as follows:

Mary Wade
209 St. Malo Street
Houma, LA 70363
T: (985) 346-1990
SSN: XXX-XX-1674

**INTERROGATORY NO. 2:**

Please state precisely all facts and circumstances leading up to the alleged incidents or injuries that are the basis of this lawsuit, including (a) the date, time, and place your injuries were allegedly sustained and/or aggravated and (b) any and all supervisors, co-workers, and/or other individuals under whom or with whom you were working at the time of the alleged incidents and/or injuries.

**RESPONSE NO. 2:**

Objection. The wording of this Interrogatory is confusing in nature and requires further clarification; however, in an attempt to respond to same and without waiving said objection, the Plaintiff responds as follows, please see police report.

**INTERROGATORY NO. 3:**

Please state the name, address, and telephone number of any person to whom you reported your alleged accident and/or incident that is the basis of this lawsuit, whether such report was oral or written. In your Answer, indicate the date, time, location, and content of such reports, including a specific identification of any written transmittals of reports of accident and/or injury and/or illness.

**RESPONSE NO. 3:**

Objection.  The Plaintiff was a passenger in the vehicle being driven by Lucinda Thomas.

**INTERROGATORY NO. 4:**

Please identify all persons known by you to have been eyewitnesses to the alleged accident and/or incident for which you have brought this lawsuit by providing the name, last-known address, last-known telephone number, and last-known employer, including the employer's addresses and telephone numbers, of each person identified. If there were no such eyewitnesses and you know of none, please so state.

**RESPONSE NO.4:**

The Plaintiff is not aware of any known eyewitness other than the parties to the accident made the basis of this lawsuit.

**INTERROGATORY NO. 5:**

Please identify all persons known by you to have knowledge of any of the facts by providing the name, last-known address, last-known telephone number, and last-known employer, including the employer's addresses and telephone numbers, of each person  identified.

**RESPONSE NO. 5:**

Objection.  This Interrogatory is overly broad and burdensome and not limited to scope. Without waiving said objection, The Plaintiff responds to the best of her knowledge and belief, she responds that all parties made a party to this instant lawsuit that have knowledge of the facts, including:

1.  Officer Debra Spriggins
    New Orleans Police Department
    715 S. Broad Avenue
    New Orleans, LA  70119

2.  Dr. Todd Arcement
    Chiropractic & Physical Therapy Clinic, Inc.
    6902 West Main Street
    Houma, LA  70360
    Telephone: (985) 868-8736

3.  Peter Liechty, MD
    One Spine Institute
    3530 Houma Blvd, Ste 202
    Metairie, LA
    (504) 437-1111

The Plaintiff wishes to supplement her response to this Interrogatory should more information become known or available.

## INTERROGATORY NO. 6:

Please state whether you are now or ever applied for or have ever been the recipient of Medicare benefits and whether or not you have or will utilize Medicare Parts A, B, C and/or D. If your answer is in the affirmative, also provide your Medicare number.

## RESPONSE NO. 6:

The Plaintiff is a recipient of Medicare and Medicaid because of her diagnosis of Lupus more than 7 years ago.  However, she has not used Medicare or Medicaid for any part of the accident made the basis of this law suit.

## INTERROGATORY NO. 7:

With respect to any person (including lay, fact, and expert witnesses whom you may call at trial, and any individuals and experts whom you may not call at trial) from whom a written, recorded, or otherwise memorialized statement or report was obtained, or who was contacted but did not give a written or oral statement or report, please set forth:

a)  The person's name, last-known address, last-known telephone number, last known employer, including the employer's address and telephone number;

b)  Whether a statement was obtained and, if so, the nature of the statement;

    c)      If a statement was not obtained, why not;

    d)      The date, place, and time the statement was obtained;

    e)      The name, address, and telephone number of the person who obtained said statement;

            and

    f)      The name and address of the person who possesses any statement or report obtained

            from that individual.

**RESPONSE NO. 7:**

Objection.  The Plaintiff has not made a determination as to witnesses including lay, fact or expert, she may or will call at the trial of this matter.  The Plaintiff will supplement her response to this discovery request when such information becomes available and in compliance with this Court's scheduling order.

**INTERROGATORY NO. 8:**

Please list the names, present home and business addresses, and telephone numbers of any and all prospective witnesses to be called at the trial of this matter of whom you or anyone acting on your behalf have learned and provide a summary of each person's expected testimony.

**RESPONSE NO. 8:**

Please see Plaintiff's response to Interrogatory No. 7.

**INTERROGATORY NO. 9:**

For any and all persons you intend to call as an expert witness in this matter, please state:

    a)      The witness' name, and present home and business addresses, and telephone

            numbers;

    b)      The name and address of the witness' employer and any organization with which

            he is associated in any professional capacity;

    c)       The field in which the witness is expected to testify;

    d)       A summary of the witness' qualifications within the field in which he is expected

           to testify;

    e)       The substance of the facts to which the expell is expected to testify;

    f)       The substance of the opinions to which the witness is expected to testify and a

           summary of the grounds for each opinion;

    g)       The data or information the expert relied upon in forming each opinion;

    h)       Any and all exhibits to be used as a summary of or support for each opinion;

    i)       All other cases in which the witness has testified as an expell at trial or in

           deposition within the last four years; and

    j)       The dates of all reports rendered by such expert.

**RESPONSE NO. 9:**

Objection, the Plaintiff has not retained any experts at this time, other than the physicians who have rendered medical treatment for her thus far during her claim. However, she reserves her right to supplement her response to this Interrogatory in accordance with the Court's scheduling Order.

**INTERROGATORY NO.10:**

Please provide the name, business address, and business telephone number of all employers you have had for a period of ten years prior to the accident and/or incident that is the subject of this lawsuit, and identify by name, last-known address and last-known telephone number any supervisors you may have had during each employment. Please also provide the name, business address, and business telephone number of any persons or businesses with whom you have sought employment, but have been rejected for any reason, at any time in your life, and indicate why you were rejected for employment.

**RESPONSE NO. 10:**

Objection.  The Plaintiff is making a lost wage claim.

**INTERROGATORY NO. 11:**

Please state the names, last-known addresses, and last-known telephone numbers of all persons from whom employment has been sought or obtained subsequent to the date of the alleged accident and/or incident that is the subject of this lawsuit. If no employment has been sought or obtained, please state in full the reasons for the failure to seek or obtain employment.

**RESPONSE NO. 11:**

Please see Plaintiff's response to Interrogatory No. 10.

**INTERROGATORY NO. 12:**

Please state whether or not you have undergone any pre-employment and/or return to employment medical or mental health evaluations and/or examinations in connection with any employment applied for in your lifetime. If so, please state the name of each employer or potential employer with whom you underwent a medical and/or mental health evaluation and/or examination, the address of each employer or potential employer, the name of each physician, psychologist, medical or mental health professional performing each medical or mental health evaluation and/or examination, and the date of each such evaluation and/or examination.

**RESPONSE NO. 12:**

Objection.  Please see Plaintiff's response to Interrogatory No. 10.

**INTERROGATORY NO. 13:**

Please state whether or not you have any pre-existing medical condition, disease, illness, mental health condition, disability or injury which you feel was aggravated by the accident described in your petition, and for any such prior condition please state with

specificity the nature of the condition and the extent of aggravation.

**RESPONSE NO. 13:**

The Plaintiff was having general back pain due to Lupus and she is still under the care of Dr.

Lata.

**INTERROGATORY NO. 14:**

If you have ever been involved in any other accidents and/or incidents, either work-related or

otherwise, **before or after** the accident and/or incident for which you have filed suit, please state

when and how the accident and/or incident occurred, by whom you were employed at the time,

where the accident or incident occurred, whether you were injured in any way as a result, whether

you presented to a hospital, physician, psychologist, counselor, social worker or other health care or

mental health care provider and, if so, the name and address of each such hospital, physician,

psychologist, counselor, social worker or other health care or mental health care provider and

indicate any treatment rendered.

**RESPONSE NO. 14:**

Objection. This Interrogatory request is overly broad, burdensome and not limited to scope.

The term "before" the accident is overly broad as it could mean as far back as Plaintiff's birth in

which she would have no memory of. However, in an effort to respond to the Interrogatory, the

Plaintiff responds that she had an automobile accident more than ten (10) years ago, but she does

not remember the details.

The Plaintiff reserves her right to supplement her response to this Interrogatory should more

information become known or available.

**INTERROGATORY NO. 15:**

Please state whether you have incurred any injuries or suffered from any medical and/or

mental health conditions of any nature, either work-related or otherwise, **before or after** the alleged accident and/or incident that forms the basis of this lawsuit, and, if so, please describe all such injuries or medical and/or mental health conditions, when and how they were sustained, whether you sought medical and/or mental health examinations, evaluations or treatment, the names, business addresses and telephone numbers of the physicians, chiropractors, psychologists, counselors, social workers or other health care or mental health care providers who examined, valuated or treated you, where you received the examination, evaluation or treatment, whether it resulted in any permanent disability and the nature of any such disability.

**RESPONSE NO. 15:**

Objection. This Interrogatory request is overly broad, burdensome and not limited to scope. The term "before" the accident is overly broad as it could mean back as far as Plaintiff's birth in which she could not possibly remember. However, in an effort to respond to this Interrogatory, the Plaintiff responds that she is on disability because of Lupus.

**INTERROGATORY NO. 16:**

For all medical and mental health evaluations, examinations and treatment you have received during the past ten years prior to the incident that is the subject of this lawsuit, please state the dates, locations, names and addresses of the physicians, chiropractors, psychologists, counselors, social workers or other health care or mental health care providers, and the names and addresses of any other individuals performing said evaluations, examinations or rendering treatment, and provide a description of the treatment received.

**RESPONSE NO. 16:**

To the best of Plaintiff's knowledge and recollection, she has seen the following during the past ten (10) years:

Gerald O'Brien, MD
1978 Industrial Blvd.
Houma, LA

Abram Tipton, MD.
Chabert Medical Center
1978 Industrial Blvd.
Houma, LA  70363

Shelia Bonin, MD
Chabert Women's Clinic
Houma, LA  7063

David Densonier, DDS
3 Professional Drive
Houma, LA  70360

Suman Lata, MD, Rheumatologist
1990 Industrial Blvd.
Houma, LA  70363

The Plaintiff reserves her right to supplement her response to this Interrogatory should more information become known or available.

## INTERROGATORY NO. 17:

Please state whether it is claimed that there will be any need for further medical or surgical care or other medical expenses anticipated, the name and address of the physician or physicians who have predicted the necessity of the future care, and specify the nature, extent, and cost of any such treatment.

## RESPONSE NO. 17:

She will more than likely see a plastic surgeon in the future regarding the scars from her recent back surgery.

## INTERROGATORY NO. 18:

Please state whether you have ever been arrested and/or convicted of any crime(s). If so,

please list each arrest and/or conviction, including, but not limited to, the date, location, jurisdiction, and amount of any fine and/or length of any imprisonment received in connection with each arrest and/or conviction.

**RESPONSE NO. 18:**

Plaintiff objects to this as being vague, overly broad, and unduly burdensome. Plaintiff further objects to the extent that this Interrogatory is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, plaintiff has never been convicted of or plead guilty to a crime.

**INTERROGATORY N0.19:**

Please state whether you have ever received worker's compensation benefits, disability benefits, Social Security, or employee-related benefits. If you have received such benefits, please state the reasons such benefits were paid, who paid such benefits, and the duration such benefits were paid.

**RESPONSE NO. 19:**

The Plaintiff is presently receiving disability benefits due to Lupus.

**INTERROGATORY NO. 20:**

Please state whether you have filed any lawsuits **before or after** this litigation. If you have filed such a lawsuit, please provide the name of the suit, the case number, the jurisdiction where the lawsuit was filed, the outcome of the litigation, and the amount of any recovery.

**RESPONSE NO. 20:**

The Plaintiff does not recall filing any lawsuit before of after this litigation; however, she wishes reserve her right to supplement this Interrogatory should more information become known or available.

your support.

**RESPONSE NO. 21:**

The Plaintiff does not recall receiving any payments.

**INTERROGATORY NO. 22:**

Please state the name, present address and specialization of all physicians, surgeons,

chiropractors, psychologists, counselors, social workers or other health care or mental health

care providers or others engaged in the fields of medicine or mental health or related fields who

have evaluated, examined or treated you for the injuries sued upon, and the name and address

of all hospitals, medical or mental health institutions at which you have received examinations

and/or treatment for the injuries or medical and/or mental  health conditions  that are the

subject matter of  this litigation, giving the dates of all such evaluations, treatment and/or

examinations.

**RESPONSE NO. 22:**

The Plaintiff responds as follows:

1.  Officer Debra Spriggins
    New Orleans Police Department
    715 S. Broad Avenue
    New Orleans, LA  70119

2.  Dr. Todd Arcement
    Chiropractic & Physical Therapy Clinic, Inc.
    6902 West Main Street
    Houma, LA  70360
    Telephone: (985) 868-8736

3. Sean Graham, MD
   Spine Diagnostic
   5408 Flanders Drive
   Baton Rouge, LA  70808

4. Peter Liechty, MD
   One Spine Institute
   3530 Houma Blvd, Ste 202
   Metairie, LA
   (504) 437-1111

The Plaintiff wishes to reserve her right to supplement her response to this Interrogatory should more information become known or available.

### INTERROGATORY NO. 23:

Please state each and every basis and identify every item of evidence, whether within your possession or not, for your contention that the accident, incident, medical conditions, and/or injuries that are the subject of this lawsuit were the result of the negligence and/or fault of the Defendants as alleged in your Petition for Damages. Specifically, please set forth in detail:

a)   What acts or omissions you allege constitute negligence and/or fault;
b)   All facts you intend to introduce to prove said negligence and/or fault;
c)   The names, home and business addresses, and home and business telephone numbers of all persons whom you contend have knowledge of any facts which may tend to prove said allegations; and
d)   The documentary evidence you intend to introduce to prove said allegations.

### RESPONSE NO. 23:

The Plaintiff has attached the police report which is the best evidence of the requested information.

### INTERROGATORY NO. 24:

If you are claiming as an element of damages past, present and/or future loss of wages and earnings or impairment of earning capacity, please state the amount of earnings, income or wages you are alleging to have been lost as a result of the incident, and basis on which you compute the amounts for each.

**RESPONSE NO. 24:**

Objection, the Plaintiff is not making a lost wage claim.

**INTERROGATORY NO. 25:**

For each of the websites and/or services listed below, identify your username(s), the e-mail address(es) associated with the account, and the approximate date you joined the website or service.  If you have not joined a listed website or service, expressly state that you have never joined that website or service:

a.  Facebook
b.  Instagram
c.  Twitter
d.  MySpace
e.  LinkedIn
f.  Google
g.  Pinterest
h.  YouTube

**RESPONSE NO. 24:**

Plaintiff objects to this discovery request to the extent the request is overbroad and is not reasonably calculated to lead to the discovery of admissible evidence under La. Code Civ. Proc.art.1422. Second, the discovery request violates plaintiff's right to be protected from "annoyance, embarrassment, oppression, or undue burden or expense" under La. Code Civ. Proc.1426. Third, the request violates Plaintiff's constitutionally protected privacy interests. See U.S. Const. Amend. IV; La. Const. Art. I, § 5; *Orfanello v. Laurente*, 626 So.2d 417,418-19 (La. App. 4Cir. 1993) ("Both the United States Constitution and the Louisiana Constitution guarantee every citizen the right of privacy. The Louisiana Constitution does not duplicate the Fourth Amendment--it extends protection to all 'invasions of privacy', a general concept broader than the unreasonable search and seizures proscribed by the Federal Bill of Rights..."). Fourth, the request violates the Stored Communications Act of1986 ("SCA") and the Electronic Communications

Privacy Act ("ECPA"),18 U.S.C.§ 2701et seq. *See Crispin v Christian Audigier,* Inc.,717 F.Supp.2d

965 (C.D.Cal. 2010)(quashing plaintiff's subpoenas to Facebook and MySpace for "webmail and

private messaging ... to the extent they seek private messaging "because "webmail and private

messaging ... are inherently private such that stored messages are not readily accessible to the

general public" and because the requests violated the Stored Communications Act of1986 ("SCA")

and the Electronic Communications Privacy Act ("ECPA"),18U.S.C. § 2701 et seq.).

Respectfully submitted:

NUGENT KEATING

D. Patrick Keating, T.A. (#27825)
Simone R. Nugent (#34409)
3300 Canal Street, Suite 100
New Orleans, LA  70119
T: (504) 513-3333
F: (877) 565-2570

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of

record by e-mail, facsimile, and/or by United States mail, properly addressed and postage prepaid, on this

24th day of August, 2018.

D. PATRICK KEATING

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JUDY WILLIAMS AND MARY WADE | * | CIVIL ACTION NO.: 18-2472 |
| VERSUS | * | SECTION: A/3 |
| IQS INSURANCE RISK RETENTION GROUP, INC. ET AL | * * | MAGISTRATE: DEK |
| c/w | | |
| LUCINDA THOMAS | * | CIVIL ACTION NO.: 18-06113 |
| VERSUS | * | |
| IQS INSURANCE RISK RETENTION GROUP, INC., ET AL | * * | REFERANCE ALL CASES |

\*\*\*

## PLAINTIFF, JUDY WILLIAMS' RESPONSE TO SOUTHERN REFRIGERATED TRANSPORT, INC.'S FIRST SET OF INTERROGATORIES

TO:   **Southern Refrigerated Transport, Inc.**
Through their attorney of record
C. Bowman Fetzer, Eq.
Galloway, Johnson, Tompkins
3 Sanctuary Blvd., 3rd Floor
Mandeville, Louisiana 70471

**NOW INTO COURT,** through undersigned counsel, comes the Plaintiff, Judy Williams, who responds to the Interrogatories propounded by Southern Refrigerated Transport, Inc., as follows:

## INTERROGATORY NO. 1:

Please state your full proper name, as well as all other nicknames by which you have been known, your employer, your occupation, your specific date and place of birth, your social security number, your current address, your former addresses for the last five years, your telephone number, any present or former union affiliations, your height and weight, and your driver's license number

and state of issuance

**RESPONSE NO. 1:**

Objection.  This interrogatory request is overly broad, burdensome and not limited to scope and is meant to harass the Plaintiff.  Without waiving said objection, the Plaintiff responds as follows:

Judy Williams
902 Saadi Street
Houma, LA  70363
Telephone:  (985) 360-8268
SSN:  XXX-XX-3870

**INTERROGATORY NO. 2:**

Please state precisely all facts and circumstances leading up to the alleged incidents or injuries that are the basis of this lawsuit, including (a) the date, time, and place your injuries were allegedly sustained and/or aggravated and (b) any and all supervisors, co-workers, and/or other individuals under whom or with whom you were working at the time of the alleged incidents and/or injuries.

**RESPONSE NO. 2:**

Objection.  The wording of this Interrogatory is confusing in nature and requires further clarification; however, in an attempt to respond to same and without waiving said objection, the Plaintiff responds as follows, please see police report.

**INTERROGATORY NO. 3:**

Please state the name, address, and telephone number of any person to whom you reported your alleged accident and/or incident that is the basis of this lawsuit, whether such report was oral or written. In your Answer, indicate the date, time, location, and content of such reports, including a specific identification of any written transmittals of reports of accident and/or injury and/or illness.

**RESPONSE NO. 3:**

Objection.  The Plaintiff was a passenger in the vehicle being driven by Lucinda Thomas.

**INTERROGATORY NO. 4:**

Please identify all persons known by you to have been eyewitnesses to the alleged accident and/or incident for which you have brought this lawsuit by providing the name, last-known address, last-known telephone number, and last-known employer, including the employer's addresses and telephone numbers, of each person identified. If there were no such eyewitnesses and you know of none, please so state.

**RESPONSE NO.4:**

The Plaintiff is not aware of any known eyewitness other than the parties to the accident made the basis of this lawsuit.

**INTERROGATORY NO. 5:**

Please identify all persons known by you to have knowledge of any of the facts by providing the name, last-known address, last-known telephone number, and last-known employer, including the employer's addresses and telephone numbers, of each person identified.

**RESPONSE NO. 5:**

Objection.  This Interrogatory is overly broad and burdensome and not limited to scope. Without waiving said objection, The Plaintiff responds to the best of her knowledge and belief, all parties to the instant lawsuit that have knowledge of the facts, including:

1.  Officer Debra Spriggins
    New Orleans Police Department
    715 S. Broad Avenue
    New Orleans, LA  70119

2. Dr. Todd Arcement
   Chiropractic & Physical Therapy Clinic, Inc.
   6902 West Main Street
   Houma, LA  70360
   Telephone: (985) 868-8736

3. Sean Graham, MD
   BR Spine Diagnostic Pain and Treatment Center
   5408 Flanders Drive
   Baton Rouge, LA  70809
   Telephone:  (225) 769-5554

4. Peter Liechty, MD
   One Spine Institute
   3530 Houma Blvd, Ste 202
   Metairie, LA
   Telehon:  (504) 437-1111

The Plaintiff wishes to supplement her response to this Interrogatory should more information become known or available.

**INTERROGATORY NO. 6:**

Please state whether you are now or ever applied for or have ever been the recipient of Medicare benefits and whether or not you have or will utilize Medicare Parts A, B, C and/or D. If your answer is in the affirmative, also provide your Medicare number.

**RESPONSE NO. 6:**

The Plaintiff is a Medicaid recipient.

**INTERROGATORYNO. 7:**

With respect to any person (including lay, fact, and expert witnesses whom you may call at trial, and any individuals and experts whom you may not call at trial) from whom a written, recorded, or otherwise memorialized statement or report was obtained, or who was contacted but did not give a written or oral statement or report, please set forth:

a)   The person's name, last-known address, last-known telephone number, last known employer, including the employer's address and telephone number;

b)     Whether a statement was obtained and, if so, the nature of the statement;

c)     If a statement was not obtained, why not;

d)     The date, place, and time the statement was obtained;

e)     The name, address, and telephone number of the person who obtained said statement; and

f)     The name and address of the person who possesses any statement or report obtained from that individual.

**RESPONSE NO. 7:**

Objection. The Plaintiff has not made a determination as to witnesses including lay, fact or expert, she may or will call at the trial of this matter. The Plaintiff will supplement her response to this discovery request when such information becomes available and in compliance with this Court's scheduling order.

**INTERROGATORY NO. 8:**

Please list the names, present home and business addresses, and telephone numbers of any and all prospective witnesses to be called at the trial of this matter of whom you or anyone acting on your behalf have learned and provide a summary of each person's expected testimony.

**RESPONSE NO. 8:**

Please see Plaintiff's response to Interrogatory No. 7.

**INTERROGATORY NO. 9:**

For any and all persons you intend to call as an expert witness in this matter, please state:

a)     The witness' name, and present home and business addresses, and telephone numbers;

b)     The name and address of the witness' employer and any organization with which

he is associated in any professional capacity;

c)    The field in which the witness is expected to testify;

d)    A summary of the witness' qualifications within the field in which he is expected to testify;

e)    The substance of the facts to which the expe11 is expected to testify;

f)    The substance of the opinions to which the witness is expected to testify and a summary of the grounds for each opinion;

g)    The data or information the expert relied upon in forming each opinion;

h)    Any and all exhibits to be used as a summary of or support for each opinion;

i)    All other cases in which the witness has testified as an expe11 at trial or in deposition within the last four years; and

j)    The dates of all reports rendered by such expert.

## RESPONSE NO. 9:

Objection, the Plaintiff has not retained any experts at this time, other than the physicians who have rendered medical treatment for her thus far during her claim. However, she reserves her right to supplement her response to this Interrogatory in accordance with the Court's scheduling Order.

## INTERROGATORY NO.10:

Please provide the name, business address, and business telephone number of all employers you have had for a period of ten years prior to the accident and/or incident that is the subject of this lawsuit, and identify by name, last-known address and last-known telephone number any supervisors you may have had during each employment. Please also provide the name, business address, and business telephone number of any persons or businesses with whom you have sought employment, but have been rejected for any reason, at any time in your life, and indicate why you

were rejected for employment.

**RESPONSE NO. 10:**

Objection. The Plaintiff is making a lost wage claim.

**INTERROGATORY NO. 11:**

Please state the names, last-known addresses, and last-known telephone numbers of all persons from whom employment has been sought or obtained subsequent to the date of the alleged accident and/or incident that is the subject of this lawsuit. If no employment has been sought or obtained, please state in full the reasons for the failure to seek or obtain employment.

**RESPONSE NO. 11:**

Please see Plaintiff's response to Interrogatory No. 10.

**INTERROGATORY NO. 12:**

Please state whether or not you have undergone any pre-employment and/or return to employment medical or mental health evaluations and/or examinations in connection with any employment applied for in your lifetime. If so, please state the name of each employer or potential employer with whom you underwent a medical and/or mental health evaluation and/or examination, the address of each employer or potential employer, the name of each physician, psychologist, medical or mental health professional performing each medical or mental health evaluation and/or examination, and the date of each such evaluation and/or examination.

**RESPONSE NO. 12:**

Objection. Please see Plaintiff's response to Interrogatory No. 10.

**INTERROGATORY NO. 13:**

Please state whether or not you have any pre-existing medical condition, disease, illness, mental health condition, disability or injury which you feel was aggravated by the

accident described in your petition, and for any such prior condition please state with specificity the nature of the condition and the extent of aggravation.

**RESPONSE NO. 13:**

    The Plaintiff states that she had no prior condition aggravated by the accident.

**INTERROGATORY NO. 14:**

    If you have ever been involved in any other accidents and/or incidents, either work-related or otherwise, **before or after** the accident and/or incident for which you have filed suit, please state when and how the accident and/or incident occurred, by whom you were employed at the time, where the accident or incident occurred, whether you were injured in any way as a result, whether you presented to a hospital, physician, psychologist, counselor, social worker or other health care or mental health care provider and, if so, the name and address of each such hospital, physician, psychologist, counselor, social worker or other health care or mental health care provider and indicate any treatment rendered.

**RESPONSE NO. 14:**

    Objection. This Interrogatory request is overly broad, burdensome and not limited to scope. The term "before" the accident is overly broad as it could mean as far back as Plaintiff's birth in which she would have no memory of. However, in an effort to respond to the Interrogatory, the Plaintiff responds that she had an automobile accident more than ten (10) years ago, but she does not remember the details.

    The Plaintiff reserves her right to supplement her response to this Interrogatory should more information become known or available.

**INTERROGATORY NO. 15:**

    Please state whether you have incurred any injuries or suffered from any medical and/or

mental health conditions of any nature, either work-related or otherwise, **before or after** the alleged accident and/or incident that forms the basis of this lawsuit, and, if so, please describe all such injuries or medical and/or mental health conditions, when and how they were sustained, whether you sought medical and/or mental health examinations, evaluations or treatment, the names, business addresses and telephone numbers of the physicians, chiropractors, psychologists, counselors, social workers or other health care or mental health care providers who examined, valuated or treated you, where you received the examination, evaluation or treatment, whether it resulted in any permanent disability and the nature of any such disability.

**RESPONSE NO. 15:**

Objection. This Interrogatory request is overly broad, burdensome and not limited to scope. The term "before" the accident is overly broad as it could mean back as far as Plaintiff's birth in which she could not possibly remember. However, in an effort to respond to this Interrogatory, the Plaintiff responds that she is on disability because of depression.

**INTERROGATORY NO. 16:**

For all medical and mental health evaluations, examinations and treatment you have received during the past ten years prior to the incident that is the subject of this lawsuit, please state the dates, locations, names and addresses of the physicians, chiropractors, psychologists, counselors, social workers or other health care or mental health care providers, and the names and addresses of any other individuals performing said evaluations, examinations or rendering treatment, and provide a description of the treatment received.

**RESPONSE NO. 16:**

To the best of Plaintiff's knowledge and recollection, she has seen the following during the past ten (10) years:

Sanders Dental Group
761 W. Tunnell Blvd.
Houma, LA 70360

Chabert Medical Center
1978 Industrial Blvd.
Houma, LA 70363

Otis Bourg, Jr., Optometrists
832 Belanger St.
Houma, LA 70360

Teche Action Clinic
1014 West Tunnel Blvd.
Houma, LA 70363

Care & Comfort OBGYN
1007 Belanger St.
Houma, LA 70363

Terrebonne Mental Health
5599 LA-311
Houma, LA 70360

The Plaintiff reserves her right to supplement her response to this Interrogatory should more information become known or available.

**INTERROGATORY NO. 17:**

Please state whether it is claimed that there will be any need for further medical or surgical care or other medical expenses anticipated, the name and address of the physician or physicians who have predicted the necessity of the future care, and specify the nature, extent, and cost of any such treatment.

**RESPONSE NO. 17:**

She will more than likely see a plastic surgeon in the future regarding the scars from her recent back surgery.

**INTERROGATORY NO. 18:**

Please state whether you have ever been arrested and/or convicted of any crime(s). If so, please list each arrest and/or conviction, including, but not limited to, the date, location, jurisdiction, and amount of any fine and/or length of any imprisonment received in connection with each arrest and/or conviction.

**RESPONSE NO. 18:**

Plaintiff objects to this as being vague, overly broad, and unduly burdensome.  Plaintiff further objects to the extent that this Interrogatory is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, plaintiff has never been convicted of or plead guilty to a crime.

**INTERROGATORY N0.19:**

Please state whether you have ever received worker's compensation benefits, disability benefits, Social Security, or employee-related benefits. If you have received such benefits, please state the reasons such benefits were paid, who paid such benefits, and the duration such benefits were paid.

**RESPONSE NO. 19:**

The Plaintiff is presently receiving disability benefits due to depression.

**INTERROGATORY NO. 20:**

Please state whether you have filed any lawsuits **before or after** this litigation. If you have filed such a lawsuit, please provide the name of the suit, the case number, the jurisdiction where the lawsuit was filed, the outcome of the litigation, and the amount of any recovery.

**RESPONSE NO. 20:**

The Plaintiff does not recall filing any lawsuit before of after this litigation; however, she

wishes reserve her right to supplement this Interrogatory should more information become known or available.

**INTERROGATORY NO. 21:**

Please provide a list of all sources of monies, support and payments for medical and mental health care evaluations, examinations or treatment that you have received from any source since the alleged accident and/or incident that is the subject of this litigation for your support.

**RESPONSE NO. 21:**

The Plaintiff does not recall receiving any payments.

**INTERROGATORY NO. 22:**

Please state the name, present address and specialization of all physicians, surgeons, chiropractors, psychologists, counselors, social workers or other health care or mental health care providers or others engaged in the fields of medicine or mental health or related fields who have evaluated, examined or treated you for the injuries sued upon, and the name and address of all hospitals, medical or mental health institutions at which you have received examinations and/or treatment for the injuries or medical and/or mental  health conditions  that are the subject matter of  this litigation, giving the dates of all such evaluations, treatment and/or examinations.

**RESPONSE NO. 22:**

The Plaintiff responds as follows:

1.  Officer Debra Spriggins
    New Orleans Police Department
    715 S. Broad Avenue
    New Orleans, LA  70119

2.  Dr. Todd Arcement
Chiropractic & Physical Therapy Clinic, Inc.
6902 West Main Street
Houma, LA 70360
Telephone: (985) 868-8736

3.  Peter Liechty, MD
One Spine Institute
3530 Houma Blvd, Ste 202
Metairie, LA
(504) 437-1111

4.  Sean Graham, MD
Allied Health
805 W. Bayou Pines, Suite Q
Lake Charles, LA 70601

The Plaintiff wishes to reserve her right to supplement her response to this Interrogatory should more information become known or available.

**INTERROGATORY NO. 23:**

Please state each and every basis and identify every item of evidence, whether within your possession or not, for your contention that the accident, incident, medical conditions, and/or injuries that are the subject of this lawsuit were the result of the negligence and/or fault of the Defendants as alleged in your Petition for Damages. Specifically, please set forth in detail:

a)   What acts or omissions you allege constitute negligence and/or fault;
b)   All facts you intend to introduce to prove said negligence and/or fault;
c)   The names, home and business addresses, and home and business telephone numbers of all persons whom you contend have knowledge of any facts which may tend to prove said allegations; and
d)   The documentary evidence you intend to introduce to prove said allegations.

**RESPONSE NO. 23:**

The Plaintiff has attached the police report which is the best evidence of the requested information.

<u>INTERROGATORY NO. 24:</u>

If you are claiming as an element of damages past, present and/or future loss of wages and earnings or impairment of earning capacity, please state the amount of earnings, income or wages you are alleging to have been lost as a result of the incident, and basis on which you compute the amounts for each.

<u>RESPONSE NO. 24:</u>

Objection, the Plaintiff is not making a lost wage claim.

<u>INTERROGATORY NO. 25:</u>

For each of the websites and/or services listed below, identify your username(s), the e-mail address(es) associated with the account, and the approximate date you joined the website or service.  If you have not joined a listed website or service, expressly state that you have never joined that website or service:

a.     Facebook
b.     Instagram
c.     Twitter
d.     MySpace
e.     LinkedIn
f.     Google
g.     Pinterest
h.     YouTube

<u>RESPONSE NO. 24:</u>

Plaintiff objects to this discovery request to the extent the request is overbroad and is not reasonably calculated to lead to the discovery of admissible evidence under La. Code Civ. Proc.art.1422. Second, the discovery request violates plaintiff's right to be protected from "annoyance, embarrassment, oppression, or undue burden or expense" under La. Code Civ. Proc.1426. Third, the request violates Plaintiff's constitutionally protected privacy interests. See U.S. Const. Amend. IV; La. Const. Art. I, § 5; *Orfanello v. Laurente*, 626 So.2d 417,418-19 (La.

App. 4Cir. 1993) ("Both the United States Constitution and the Louisiana Constitution guarantee every citizen the right of privacy. The Louisiana Constitution does not duplicate the Fourth Amendment--it extends protection to all 'invasions of privacy', a general concept broader than the unreasonable search and seizures proscribed by the Federal Bill of Rights..."). Fourth, the request violates the Stored Communications Act of1986 ("SCA") and the Electronic Communications Privacy Act ("ECPA"),18 U.S.C.§ 2701et seq. *See Crispin v Christian Audigier,* Inc.,717 F.Supp.2d 965 (C.D.Cal. 2010)(quashing plaintiff's subpoenas to Facebook and MySpace for "webmail and private messaging ... to the extent they seek private messaging "because "webmail and private messaging ... are inherently private such that stored messages are not readily accessible to the general public" and because the requests violated the Stored Communications Act of1986 ("SCA") and the Electronic Communications Privacy Act ("ECPA"),18U.S.C. § 2701 et seq.).

Respectfully submitted:

NUGENT KEATING

D. Patrick Keating, T.A. (#27825)
Simone R. Nugent (#34409)
3300 Canal Street, Suite 100
New Orleans, LA 70119
T: (504) 513-3333
F: (877) 565-2570

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by e-mail, facsimile, and/or by United States mail, properly addressed and postage prepaid, on this 24th day of August, 2018.

D. PATRICK KEATING