74-325

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NUMBER 2018-3839                                        DIVISION "B/5"

FILED 2018 JUN 11 P 12:09

MARIO SOLOMON

VERSUS

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND RAY WATOYA

FILED:_____            _____
                                                DEPUTY CLERK

## ANSWER TO PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Watoya Ray (incorrectly named "Ray Watoya") and State Farm Mutual Automobile Insurance Company ("State Farm"), sought to be made defendants in the above numbered and entitled cause, who respectfully represent:

I.

Admitted insofar as the business domicile of State Farm is concerned. Any and all other allegation are denied.

II.

Admitted insofar as the domicile of Watoya Ray is concerned. Any and all other allegation are denied.

III.

Defendants admit the existence of a contract of insurance, but affirmatively show that said contract of insurance contains many conditions, provisions, and exclusions, which limit and define the coverage therein, and allege that the policy itself is the best evidence of its contents; the remaining allegations of Paragraph 3 are denied.

IV.

The allegations contained in Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

V.

Denied.

VI.

The allegations contained in Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations contained in this Paragraph require no answer of this defendant.

-1-



EXHIBIT J

AND NOW, FOR FURTHER ANSWER, Watoya Ray and State Farm Mutual Automobile Insurance Company, with respect aver:

### VIII.

Further answering the Petition of plaintiff, defendants aver that the accident made a basis of this lawsuit was due to the acts and omissions of persons for whom these defendants are not responsible.

### IX.

Without prejudice to any of respondents' rights, with full reservation of the right to deny plaintiff's right or entitlement to any damages whatsoever, and with full reservation of the right to deny the extent of plaintiff's claims to damages in the future, respondent states that the amount in dispute exceeds the requisite amount for determining respondents' right to trial be jury, under LSA C.C.P. Arts. 893, 1732 and 1733, and respondents therefore desire and/or are entitled to trial by jury.

### X.

To the extent it is shown that the plaintiff has failed to mitigate his damages, then Watoya Ray and State Farm Mutual Automobile Insurance Company aver same as an Affirmative Defense in accordance with Louisiana Law.

**WHEREFORE**, Watoya Ray and State Farm Mutual Automobile Insurance Company pray that this Answer be deemed good and sufficient, and that after all legal delays and due proceedings are had, there be judgment rendered herein, in favor defendants, Watoya Ray and State Farm Mutual Automobile Insurance Company, and against plaintiff, dismissing his claims at his cost.

Respectfully Submitted,
BEAHM & GREEN

*/s/ Charles S. Green, Jr.*

**Charles S. Green, Jr. (# 21627)**
**Henry N. Bellamy (#14076)**
Attorney for Watoya Ray and
State Farm Mutual Automobile
Insurance Company
Suite 408
145 Robert E. Lee Boulevard
New Orleans, Louisiana 70124-2552
Telephone (504) 288-2000
Facsimile (504) 288-2099
Charlie@beahm.com
Hank@beahm.com

### CERTIFICATE OF SERVICE

I do hereby certify that I have on this 7th day of June, 2018, served a copy of the foregoing pleading on all counsel of record by forwarding the same by United States mail, properly addressed and first class postage prepaid.

*/s/ Charles S. Green, Jr.*

**CHARLES S. GREEN, JR.**