UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUDY WILLIAMS, MARY WADE & LUCINDA THOMAS | CIVIL ACTION NO. 18-2472<br>c/w 18-6113 |
| VERSUS | JUDGE ZAINEY |
| | MAGISTRATE DOUGLAS |
| IQS INSURANCE RISK RETENTION GROUP, INC., ET AL. | APPLIES TO: ALL CASES |

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE
TO TAKE SECOND DEPOSITION OF PLAINTIFFS**

**NOW INTO COURT,** through undersigned counsel, come Defendants, Southern Refrigerated Transport, Inc. ("SRT"), IQS Insurance Risk Retention Group, Inc. ("IQS") and Eric Darnell Martin, who under Rule 30(a)(2)(A) hereby request leave to take the second depositions of the Plaintiffs, Lucinda Thomas, Mary Wade and Judy Williams. For the reasons more fully explained herein, Defendants have good cause to re-depose the Plaintiffs because they intentionally concealed and/or failed to disclose critical information regarding the identity of a fundamental witness in this case, Damian LaBeaud, and the numerous conversations they had with him immediately before and after the alleged subject accident. Given the circumstances, it is absolutely necessary that Defendants have the opportunity to take the second depositions of the Plaintiffs.

**BACKGROUND**

This lawsuit arises out of an alleged June 6, 2017 side-swipe accident at the intersection of Chef Menteur Highway and Downman Road in New Orleans involving a tractor trailer driven

by Eric Darnell Martin, as an owner operator with SRT, and a vehicle driven by Lucinda Thomas with Judy Williams, Mary Wade and Dashontae Young as passengers.

On September 12, 2018 the Court issued a scheduling order setting the deadline to amend pleadings for October 26, 2018.[1]  Meanwhile, the current discovery deadline is April 15, 2019 and this matter is set for a jury trial on June 3, 2019.[2]

All three (3) Plaintiffs responded to Defendants' written discovery on August 24, 2018 and each Plaintiff stated as follows:  *"The Plaintiff is not aware of any known eyewitnesses other than the parties to the accident made the basis of this lawsuit."*[3]

Plaintiffs were deposed on September 13, 2018, and again no witnesses to the alleged accident were identified. In fact, during her deposition Lucinda Thomas was specifically asked whether she called anyone from the scene of the accident from her cell phone and she testified under oath that the only people she called were her husband, Anthony Thomas, and cousin, Cleveland Mitchell.[4]  To date, Plaintiffs still have not identified any additional witnesses to the subject accident.

Following their depositions, Defendants received certified cell phone records providing evidence showing potential fraud and that calls into question the accuracy of Plaintiffs' prior discovery responses and deposition testimony.[5]

---

[1] *See* Rec. Doc. 36.
[2] *See* Rec. Doc. 36.
[3] *See* Rec. Doc. 125-2. (Plaintiffs' Answers to Defendants' Interrogatories, Response No. 4).
[4] *See* Rec. Doc. 125-3. (Deposition of Lucinda Thomas at pp. 61-64)
[5] *See* Rec. Doc. 102 and 103.

Following their depositions, Defendants obtained Mary Wade's and Lucinda Thomas' certified phone records. Defendants have also issued subpoenas for Judy Williams' cell phone records and are currently waiting to receive a response.

Upon review of Mary Wade's and Lucinda Thomas' certified phone records, Defendants discovered that both Wade and Thomas called phone number 504-723-6443 several times that day immediately before and after the alleged subject accident between 12:03 p.m. and 6:10 p.m.[6]

Shortly after her speaking with phone number 504-723-6443, Plaintiffs also began receiving text messages from phone number 504-473-1052, which Defendants have learned belongs to Plaintiffs' counsel, Patrick Keating.[7]

Defendants have also obtained the certified records for phone number 504-723-6443, showing that the account for that number belongs to Damian Kevin LaBeaud.[8] Upon review of those records, Defendants discovered that Damian LaBeaud also communicated with Plaintiffs' counsel several times that same day shortly *before and after* the alleged accident, all within minutes of him also speaking with Mary Wade and Lucinda Thomas.[9]

More specifically, the records obtained thus far establish the following timeline of communications on June 6, 2017, the day of the alleged subject accident:

- *10:58 am* – *Damian LaBeaud calls Plaintiffs' counsel*
- *12:03 pm* – *Mary Wade calls Damian LaBeaud*
- *12:06 pm* – *Lucinda Thomas calls Damian LaBeaud*
- *12:06 pm* – *Damian LaBeaud calls Lucinda Thomas (3 minute conversation)*
- *12:30 pm* – *TIME OF ALLEGED ACCIDENT*

---

[6] *See* Rec. Doc. 102-4 (Mary Wade's certified phone records) and Rec. Doc. 125-4 (Lucinda Thomas' certified phone records).
[7] *Id.*
[8] *See* Rec. Doc. 102-5 (Damian LaBeaud's certified phone records).
[9] *Id.*

3

- *12:43 pm* – *Damian LaBeaud calls Lucinda Thomas*
- *12:44 pm* – *Plaintiffs' counsel text messages Damian LaBeaud*
- *12:52 pm* – *Lucinda Thomas calls Damian LaBeaud*
- *12:57 pm* – *Damian LaBeaud calls Lucinda Thomas*
- *1:27 pm* – *Mary Wade calls Damian LaBeaud*
- *1:31 pm* – *Lucinda Thomas calls Damian LaBeaud*
- *1:35 pm* – *Mary Wade calls Damian LaBeaud*
- *1:36 pm* – *Damian LaBeaud calls Plaintiffs' counsel*
- *1:38 pm* – *Lucinda Thomas text messages Damian LaBeaud*
- *1:43 pm* – *Damian LaBeaud calls Plaintiffs' counsel*
- *1:47 pm* – *Mary Wade calls Damian LaBeaud*
- *1:51 pm* – *Damian LaBeaud calls Mary Wade*
- *1:58 pm* – *Plaintiffs' counsel calls Damian LaBeaud*
- *2:04 pm* – *Mary Wade calls Damian LaBeaud*
- *2:05 pm* – *Lucinda Thomas calls Damian LaBeaud*
- *2:06 pm* – *Damian LaBeaud calls Lucinda Thomas*
- *2:43 pm* – *Damian LaBeaud calls Lucinda Thomas*
- *2:51 pm* – *Lucinda Thomas calls Damian LaBeaud*
- *2:56 pm* – *Damian LaBeaud calls Lucinda Thomas*
- *3:03 pm* – *Mary Wade calls Damian LaBeaud*
- *3:06 pm* – *Damian LaBeaud calls Plaintiffs' counsel*
- *3:31 pm* – *Lucinda Thomas calls Damian LaBeaud*
- *3:32 pm* – *Damian LaBeaud calls Plaintiffs' counsel*

- *4:15 pm* – *Plaintiffs' counsel text messages Mary Wade*
- *4:16 pm* – *Plaintiffs' counsel text messages Mary Wade*
- *4:16 pm* – *Mary Wade text messages Plaintiffs' counsel*
- *4:18 pm* – *Plaintiffs' counsel text messages Mary Wade*
- *4:19 pm* – *Mary Wade text messages Plaintiffs' counsel*
- *5:13 pm* – *Plaintiffs' counsel calls Mary Wade*
- *6:10 pm* – *Damian LaBeaud calls Lucinda Thomas*
- *7:08 pm* – *Lucinda Thomas text messages Damian LaBeaud*
- *8:10 pm* – *Damian LaBeaud calls Lucinda Thomas*

Defendants' investigation further revealed that Mr. LaBeaud has filed five (5) personal injury lawsuits as a plaintiff during the past eight (8) years, all of which involve similar sideswipe automobile accidents at or near the location of the alleged subject accident in the instant lawsuit.[10] Defendants have also learned of video evidence depicting Mr. LaBeaud as an eyewitness to a similar truck sideswipe accident occurring at the exact same location as the alleged subject accident in this case. Mr. LeBeaud refused to give the investigating police officer his name.[11]

Additionally, Defendants have learned that Damian LaBeaud's relatives and/or associates have filed other lawsuits as plaintiffs involving accidents with strikingly similar factual scenarios as the subject accident alleged in this case.[12]

---

[10] *See* Rec. Doc. 102 and 103.
[11] *Id.*
[12] *Id.*

5

## LAW AND ARGUMENT

Rule 30 of the Federal Rules of Civil Procedure sets forth the rules upon which depositions may be taken, and provides:

(a) When a Deposition May Be Taken.

(1) Without Leave. A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.

(2) With Leave. A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):

*(A) if the parties have not stipulated to the deposition and*:

 (i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants; [or]

 (ii) the deponent has already been deposed in the case....[13]

\* \* \*

Defendants have not had an opportunity through discovery to properly evaluate the numerous suspicious conversations between Plaintiffs and Damian LaBeaud on the day of the subject accident because Plaintiffs' intentionally concealed and/or failed to disclose critical information in both their written discovery responses and during their depositions. Defendants have obtained certified cell phone records, NOPD body camera videos, numerous police reports and lawsuits, all of which are linked to highly suspicious side-swipe accidents involving Damian LaBeaud, who Plaintiffs spoke with immediately before and after the alleged subject accident occurred.

In light of the recent evidence uncovered indicating that the alleged subject accident was staged and/or intentionally caused by Plaintiffs (which is outlined in depth and with specificity in

---

[13] USCS Fed Rules Civ. Proc. R 30.

Defendants 19th Affirmative Defense), there is good cause and it is absolutely necessary for Defendants to take the second depositions of all three Plaintiffs.

## CONCLUSION

Based on the foregoing, Defendants have good cause and respectfully request leave to take the second depositions of the Plaintiffs under Rule 30(a)(2)(A), as these depositions are crucial for Defendants to adequately prepare for trial and support their fraud defense against Plaintiffs.

Respectfully submitted,

**GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH, APLC**

 /s/ C. Bowman Fetzer, Jr.
**JAMES A. PRATHER (#20595) (T.A.)
C. BOWMAN FETZER, JR. (#34541)**
3 Sanctuary Boulevard, Third Floor
Mandeville, Louisiana 70471
Telephone:  985-674-6680
Facsimile:  985-674-6681
*Counsel for Defendants*, *Southern Refrigerated Transport, Inc, IQS Insurance Risk Retention Group, Inc. and Eric Darnell Martin*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 27th day of February, 2019, undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

 /s/ C. Bowman Fetzer, Jr.
**C. BOWMAN FETZER, JR.**