UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUDY WILLIAMS, ET AL. | CIVIL ACTION |
| VERSUS | NO: 18-2472 C/W 18-6113 |
| IQS INSURANCE RISK RETENTION, ET AL. | SECTION: "A" (3) |

## ORDER AND REASONS
## REF: ALL ACTIONS

The following motion is before the Court: **Motion to Strike (Rec. Doc. 107)** filed by Plaintiffs, Judy Williams, Mary Wade, and Lucinda Thomas. Defendants Southern Refrigerated Transport, Inc., IQS Insurance Risk Retention Group, Inc., and Eric Darnell Martin, oppose the motion. The motion, noticed for submission on March 6, 2019, is before the Court on the briefs without oral argument.

This suit arises out of personal injuries that Plaintiffs allegedly sustained in a car accident on June 6, 2017. Defendant Eric Martin was driving the other vehicle. On March 6, 2018, and June 5, 2018, Plaintiffs filed two petitions against Defendants in state court. Defendants removed both actions to this Court. All three plaintiffs underwent surgery before suit was filed.

A jury trial is scheduled to commence on June 3, 2019. (Rec. Doc. 36).

Plaintiffs now move to strike Defendants' affirmative defense of fraud arguing that the defense is insufficiently pleaded under Federal Rule 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Plaintiffs also contend that the defense was raised untimely under the Court's scheduling order.

In response, Defendants explain that they believe that during the course of discovery they have uncovered evidence of fraud. Specifically, Defendants contend that cell phone

records reveal that Plaintiffs have hidden the existence of a Mr. Damian LaBeaud, an eyewitness to the accident. Defendants contend that Plaintiff Lucinda Thomas testified falsely at her deposition when asked who she called from the scene of the accident. Defendants contend that Plaintiff's counsel also represents Mr. LaBeaud, as well as several of his associates.

The Court notes that Defendants raised the fraud defense for the first time on February 11, 2019, when they filed an amended answer after the deadline to amend pleadings and without leave of Court to do so. (Rec. Docs. 102 & 103). Defendants claim that they could file the amended answer as of right because Plaintiffs had amended their complaint to bring Zurich into the suit as the excess insurer.[1] (Rec. Docs. 62 & 64).

This pleading, which in substance comprises two sentences, raises no new allegations against Defendants whatsoever. This point is driven home by Defendants' amended answer which in response to the actual allegations of Plaintiffs' amended complaint (which again are directed to Zurich and not Defendants), acknowledges that they "do not require a response from Defendants." (Rec. Docs. 102 & 103). In fact, the entire substance of the amended answer comprises Defendants affirmative defense of fraud, to which Defendants have appended 90 pages of documents.[2] Even if Defendants did not learn of the facts that they believe support a fraud defense until after the deadline for amending pleadings had passed, the proper course of action was to explain the basis for the delay as part of a motion for leave to amend the prior answer. Defendants' suggestion that the non-specific reference to "defendants" in the closing prayer of the amended complaint asserted against Zurich gave them the right to file a responsive pleading, the sole purpose of which was to assert an otherwise untimely affirmative

---

[1] Zurich is no longer a party to this action. (Rec. Doc. 133).

[2] These documents appear to be the same documents attached as exhibits to Defendants' opposition to the motion to strike. These documents mostly pertain to other lawsuits and have nothing to do with this case. Defendants should not assume that these exhibits will be admitted at trial simply because they attached them to a pleading.

defense without obtaining leave of Court, only serves to undermine their position.[3]

Nonetheless, the accusations that Defendants are making are serious. A common theme that runs throughout several motions pending in this matter, including motions pending before the magistrate judge, is that some deceit or intent to conceal on Plaintiffs' part contributed to the delay in uncovering the evidence that Defendants believe supports a fraud defense. The Court notes that nothing suggests that Damian LaBeaud was an eyewitness to the accident so Plaintiffs' failure to identify him or her in their answers to interrogatories is not necessarily remarkable. In fact, given the amount of cell phone traffic between Plaintiffs and LaBeaud around the time of the accident it seems pretty obvious that LaBeaud was not located at the scene of the accident with Plaintiffs.

Defendants' arguments based on Lucinda Thomas's deposition testimony (when compared to her cell phone records) lose much of their weight when considering her actual testimony. Defense counsel asked Ms. Thomas at her deposition if she had called anyone else besides Cleveland and Anthony and she said ***"not that I can remember."*** (Rec. Doc. 125-3, Thomas Deposition at 64). Even though her cell phone records indicate that she called LaBeaud 22 minutes after the accident, there is nothing implicitly deceitful in Thomas's testimony that she simply could not recall whether she had called anyone else.

Further, given that Plaintiffs' counsel was representing a Damian LaBeaud (whether male or female, this point seems to be in dispute) at the time of the accident, it occurs to the Court that the cell phone records that Defendants believe are so probative of a fraud may also be consistent with one client simply referring an acquaintance (just involved in an accident) to the personal injury attorney that she is using. This is not an uncommon practice.

---

[3] Even if a subterfuge on Plaintiffs' part had contributed to Defendants learning of something untoward after the deadline to amend pleadings, it did not serve as a basis for any party to simply ignore the Court's scheduling deadlines.

The Court has determined that the most prudent approach at this juncture is to deny the motion to strike pending resolution of the matters before the magistrate judge, who is free to make her own determination regarding the persuasiveness of Defendants' position.[4] Plaintiffs' motion to strike is being denied without prejudice to Plaintiffs' right to move to exclude the evidence that Defendants seek to offer in support of the fraud defense via a motion in limine. Defendants should not conduct their litigation strategy assuming that evidence of other lawsuits or evidence that impugns another member of the bar will be admitted and considered by the jury.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Strike (Rec. Doc. 107)** filed by Plaintiffs, Judy Williams, Mary Wade, and Lucinda Thomas is **DENIED** as explained above.

March 12, 2019

                                       JAY C. ZAINEY
                                   UNITED STATES DISTRICT JUDGE

**NEF: Magistrate Judge Dana M Douglas**

---

[4] In other words, notwithstanding anything contained in this Order and Reasons, if the magistrate judge finds Defendants' position to be persuasive, this Court will not intervene to reverse the ruling on the pending motions to take additional depositions and to re-depose the plaintiffs, and will adjust the discovery cutoff date if the magistrate judge believes that will be necessary to effectuate her ruling.