## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JUDY WILLIAMS AND MARY WADE** | * | **CIVIL ACTION NO.: 18-2472** |
| **VERSUS** | * | **SECTION: A/3** |
| **IQS INSURANCE RISK RETENTION GROUP, INC. ET AL** | *  * | **MAGISTRATE: DEK** |
| | | |
| **LUCINDA THOMAS** | * | **CIVIL ACTION NO.: 18-06113** |
| **VERSUS** | * | |
| **IQS INSURANCE RISK RETENTION GROUP, INC., ET AL** | *  * | **Reference all cases** |

***

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE WITNESSES, EXHIBITS, AND STRIKE FRAUD DEFENSE

### I. BACKGROUND

On September 12, 2018, this Court entered a Scheduling Order[1] pursuant to Rule 16(b), Federal Rules of Civil Procedure. At that time, parties stipulated initial disclosures pursuant to Rule 26 had been made. On February 11, 2019, defendants asserted their fraud defense.[2] However, on February 13, 2019 Plaintiffs' counsel was forced to file a Motion to Compel Plaintiffs' initial discovery requests[3], and this Court ordered defendants respond.[4] Following that, on February 26,

---

[1] *See* Rec. Doc. 36 (Scheduling Order)
[2] *See* Rec. Doc. 103
[3] *See* Rec. Doc. 106 (Despite the initial stipulation that 26(a) disclosures had been made, defendants required a court order to respond to initial discovery requests.)
[4] *See* Rec. Doc. 137 (Court ordering defendants respond to Plaintiffs' discovery requests within 7 days. Entered into the record on March 6, 2019)

2019 Plaintiffs' prior counsel specifically requested defendants' updated Rule 26 disclosures[5]. This court's original discovery cut-off date was April 15, 2019,[6] and trial of this matter is set for June 3, 2019. At this time, defense has still not supplemented, nor amended its Rule 26(a) disclosures. For the reasons above and more fully explained herein, and because of substantial prejudice to Plaintiffs, all defendants' witnesses and exhibits, relative to their fraud defense, should be excluded from the evidence at trial of this matter.

## II.    LAW AND ANALYSIS

### A. Initial Disclosures under Rule 26

Rule 26(a) requires that the parties provide initial disclosures automatically, without request, including: "(i) the name, address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims and defenses; (ii) a copy of all documents that the disclosing party may use to support its claims or defenses".[7] Furthermore, Rule 26(e) requires a party supplement its initial disclosures throughout the course of litigation whenever it learns the original information provided turns out to be incomplete or incorrect.[8] Finally, this Rule also requires the parties timely amend responses to Interrogatories, Requests for Production, or Requests for Admissions if and when that party learns the response is materially incomplete or incorrect.[9]

Defendants in this case have only provided a single 26(a) disclosure statement which was served on July 6, 2018. Since that time, defense contends they have learned the identity of

---

[5] *See* Exhibit A (Email between Plaintiffs' prior counsel and defense counsel, specifically requesting updated Rule 26 disclosures and further advising the intentions to seek Rule 37 Sanctions for failure to make disclosures or to supplement.)

[6] *See* Rec. Doc. 191 (The court graciously granted an Extension of Discovery Deadlines until May 10, 2019)

[7] *See* Fed. R. Civ. P. 26(a)(1)(A)-(B)

[8] *See* Fed. R. Civ. P. 26(e)(1)

[9] *See* Id.

numerous witnesses and identified ample exhibits, which were never disclosed to Plaintiffs through Rule 26(a). Simply stated this failure to supplement and update is a violation of Rule 26(a) and (e), accordingly the court has the discretion and authority to impose all remedies available to Plaintiffs under Rule 37(c). Defense will likely contend that no substantial harm or prejudice is imposed on Plaintiffs by their failure to supplement, and they may argue their pretrial witness and exhibit list[10] filed with the court relieves their obligation under Rule 26(a). However, any reliance on pretrial disclosures which were ordered by the court is misplaced; in particular Rule 26(a)(3) states **"In addition to disclosures required by Rule 26(a)(1)…"** the plain language of this rule is clear that the requirement of Rule 26(a) disclosures are not relieved simply by defense's filing of pretrial witness and exhibit lists. Indeed, defendants have listed numerous additional witnesses and exhibits which were never supplemented through Rule 26(a). Ultimately, Plaintiffs prior counsel gave defense a final opportunity to supplement their Rule 26(a)(1) disclosures even after the defense of fraud was raised (See Exhibit A). It would have been far less prejudicial to Plaintiff had defense properly supplemented their Rule 26(a)(1) disclosures after this request. Now, with less than 60 days before trial, defense cannot reasonably contend their lack of disclosure under Rule 26(a) is unprejudicial or harmless to Plaintiffs, nor can defense deny that it does not impede prosecution of Plaintiffs' case.

The Fifth Circuit has identified four factors this Court should consider when determining of whether a violation of Rule 26 is substantially justified or harmless; (1) the importance of the evidence; (2) the prejudice to the opposing party if the evidence is included; (3) the possibility of curing such prejudice by a continuance; and (4) the party's explanation for its failure to disclose. *Texas A & M Research Foundation v. Magna Transportation, Inc., 338 F. 3d 394, at 402.*

---

[10] *See* Rec. Doc. 158

The first factor this Court should consider is the importance of the evidence. *Texas A & M Research, Id. at 402.* Evidence of potential fraud is substantially important to all parties in this litigation, as well as this Honorable Court. However, Plaintiffs' counsel has been provided limited information in order to explore the legitimacy of the fraud defense. Defendants' simple supplementation of Rule 26(a) disclosures, had they been made earlier in this litigation, would have allowed a more thorough investigation into the alleged defense of fraud. The second factor this Court should consider, is the prejudice to the Plaintiffs if the evidence is included. *Id. at 402.* Plaintiffs assert that non-disclosure of this crucial information in the form of witnesses and exhibits, is an extreme prejudice against Plaintiffs. Plaintiffs' counsel has a *de minimis* amount of time prior to trial of this matter, to address the numerous witnesses and exhibits defendants did not disclose under Rule 26(a)(1), as such, Plaintiffs would experience substantial prejudice at trial if the evidence is not excluded. The third factor the Court should consider, is the possibility of curing such prejudice by a continuance. At this point, Plaintiff has made every effort to accommodate defense's continuous discovery[11], and this Court has even allowed an extension of discovery deadlines.[12] The Court's trial date is set for June 3, 2019, and both parties have substantial interest in bringing this matter to a resolution, either at trial or through settlement. To extend this date would only increase the defense's substantial costs and prolong the Plaintiffs' anguish over bringing this matter to a final resolution. Furthermore, a continuance would increase the need for the Court's valuable time and needlessly expend this Court's valuable resources. For those reasons, it is not prudent for this Court to consider a continuance. The fourth factor this Court should

---

[11] Since enrolling on April 2, 2019, Plaintiffs' counsel has responded to 48 Requests for Admissions, allowed seconds depositions of all 3 Plaintiffs, allowed defense to move forward with 2 medical depositions, even though counsel had an emergency, in which he waived his right to appear so as to not impede with defense, and appeared at 2 other defense depositions of witnesses that were never disclosed under Rule 26(a).
[12] *See* Rec. Doc. 191

consider, is the defense's explanation for its failure to disclose. Defense has provided Plaintiffs' counsel no explanation, and even when requested for supplementation by Plaintiffs prior counsel, defense responds by asking, "When did you send me a request asking for defendants' to update their Rule 26 disclosures? Can you please resend?" *See Exhibit A*. At that time, even though Plaintiff was not required by Rule 26 to request updated disclosures, Plaintiffs' counsel requested defense counsel's updated Rule 26 disclosures on February 26, 2019[13]. To that end, no Rule 26 supplement was ever tendered to Plaintiffs. Defendants' lack of excuse or justification weighs strongly in favor of this Court's exclusion of defendants' fraud defense, and all evidence related thereto.

### B. Rule 37(c)

Rule 37(c) states, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at hearing, or at trial, unless the failure was substantially justified or is harmless."[14] Rule 37(c) allows the court to impose any of the remedies listed in Rule 37(b)(2)(A)(i)-(iv), including "striking pleadings in whole or in part … dismissing the action or proceeding in whole or in part; rendering a default judgement against the disobedient party…".[15]

As outlined by Plaintiffs' counsel above, in the analysis of the 4 factors of the *Texas A & M Research Foundation v. Magna Transportation, Inc., 338 F. 3d 394, at 402*, Plaintiffs would experience substantial harm and prejudice, and defendants' failure was not substantially justified, nor harmless. Rule 37(c)(1) provides that a party who fails to disclose such information "shall not, unless failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion

---

[13] This request was made prior to defendants filing their pretrial witness and exhibits list, which was due March 15, 2019.
[14] *See* Fed. R. Civ. P. 37(c)
[15] *See* Fed. R. Civ. P. 37(b)(2)(A)

any witness or information not so disclosed. *Id. at 402.* This Court has the authority and discretion under Rule 37(c) to prohibit defendants from using any of their evidence for their defense of alleged fraud, at trial of this matter. Furthermore, pursuant to Rule 37(c), and the remedies[16] therein, this Court should even reconsider Plaintiffs' prior Motion to Strike defendants' fraud defense. *Rec. Doc. 107.*

In conclusion, Plaintiffs have shown this Court defense's lack of Rule 26(a) responsiveness. Plaintiffs have analyzed the *Texas A & M Research Foundation* factors, which indicate substantial harm and prejudice to Plaintiffs, as well as increased costs to defense, and over burdening this Court's valuable resources. This Court has the ultimate authority under Rule 37(c) to take whatever steps it deems appropriate to remedy the substantial harm to Plaintiffs, including exclusion of all defendants' witnesses and exhibits pertaining to their alleged fraud defense, and in addition to exclusion of this evidence, striking defendants' fraud defense in full.

Respectfully Submitted,

**KIRK P. DORSEY**
**ATTORNEY AT LAW**


*/s/ Kirk P. Dorsey*
**KIRK P. DORSEY (#29156)**
3636 N. Causeway Blvd., Suite 104
Metairie, Louisiana 70002
Phone: (504) 593-0200
Facsimile: (504) 464-9693
Email: kirkpdorsey@gmail.com
*Counsel for Plaintiffs, Judy Williams, Mary Wade and Lucinda Williams*

---

[16] Rule 37(b)(2)(A)(i)-(iv)

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY,** that on this 12th day of April, 2019, undersigned electronically filed foregoing with the Clerk of Court by using EM/ECF which will send notice of electronic filing to all counsel of record.

*/s/ Kirk P. Dorsey*
**Kirk P. Dorsey**
